## Lutton's Estate.

*Decedents' estates—Cost of tombstone—Executors and administrators.*

A reasonable sum for the cost of a tombstone for a decedent should be allowed out of the decedent's estate.

Where a judgment has been recovered against an administratrix for the cost of a tombstone for the decedent, and an auditor has allowed such judgment out of the proceeds of real estate sold for the payment of debts, and his report has been confirmed by the court, the confirmation of the report will not be set aside because one of the distributees of the estate was a minor at the time the judgment was obtained and when the order of sale was made.

Argued Jan. 16, 1901. Appeal, No. 22, Jan. T., 1901, by Benjamin Lutton, from decree of O. C. Luzerne Co., No. 63, of 1894, dismissing rule to set aside the confirmation of an auditor's report in the estate of Joseph Lutton, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to set aside confirmation of auditor's report.

From the record it appeared that Charles Frank obtained a judgment against Ann Lutton, administratrix of Joseph Lutton, deceased, for $177.34 for a tombstone ordered by the administratrix for the decedent. On a petition by Frank the real estate of the decedent was sold, and the auditor appointed to distribute the proceeds allowed the judgment as a reasonable claim. The auditor's report was confirmed by the court. Benjamin Lutton, a son of decedent, petitioned the court for a rule to show cause why the confirmation of the report should not be set aside. He alleged in the petition that he was a minor at the time the judgment was obtained, and also at the time when the sale of the real estate was ordered. He alleged that he had no guardian and received no notice of either the suit or of the sale of the real estate.

The court discharged the rule.

*Error assigned* was the decree of the court.

*W. H. Hines,* with him *D. L. Rhone,* for appellant.

*William S. McLean*, with him *William R. Gibbons*, for appellee.

OPINION BY ORLADY, J., July 25, 1901 :

On December 30, 1899, Benjamin Lutton filed a petition in the orphans' court to set aside a confirmation absolute of an auditor's report which made a distribution of the proceeds of a sale of real estate that had been sold by the administratrix of Joseph Lutton, under an order of the orphans' court for the payment of debts of the decedent. A rule to show cause was granted and after a hearing it was discharged. The item allowed by the auditor in regard to which this controversy arises was a judgment obtained against the administratrix for a tombstone ordered by her.

It has been repeatedly held that an allowance for such an expenditure is entirely proper and that credit for it should be given against the estate of the decedent: Webb's Estate, 165 Pa. 330. The fact that the petitioner was a minor at the time the judgment was obtained and when the order of sale was made did not in any manner contribute to its allowance. The reasonableness of the cost of the tombstone was determined by the auditor and the auditing judge after a full hearing. The administratrix did not pay and the judgment was obtained against her only after she had actively resisted the claim. Neither the appellant nor his guardian could have changed the result had either been present, as the counsel of appellant is the same as at that time represented the administratrix.

This was not a debt of the decedent, but, as had been adjudged by the orphans' court, was a reasonable expense incurred in the settlement of his estate.

The decree is affirmed.