## Mitchell's Estate.

*Decedents' estates—Wills—Election by husband to take against will—Allowance of $5,000—Sec. 2(a) Interstate Act of 1917.*

A husband, who elects to take against the will of his deceased wife, is entitled, there being no issue, to one-half the estate, and, in no circumstance, can he get more.

The right of a surviving husband to the $5,000 special allowance, in case of intestacy, under the Intestate Act of 1917, has no application to cases where the husband elects to take against the will.

*Decedents' estates—Wills—Residuary bequest—Lapse—Share of survivor—Section 15(c) Wills Act of 1917.*

Where by will a residuary estate is left: two-thirds to one cousin and one-third to another, and the cousin to whom two-thirds of the estate was given predeceased the testatrix, the surviving cousin, and legatee, would be entitled under the will to the entire residue, and not merely to one-third of it.

The object of clause (c), section 15, of the Wills Act of 1917, is to prevent an intestacy where any of the residuary legatees survive, and can take.

*Decedents' estates—Accounts—Funeral expenses—Grave marker.*

A surviving husband is liable for the funeral expenses of his deceased wife. A direction in her will that the funeral expenses shall be paid from her estate is in relief of his legal liability, and is in effect a legacy to him. Upon an election by the husband to take against his wife's will, he cannot claim the benefit of the direction in the will for payment of funeral expenses, and the executor will not be allowed credit for such expenditures.

Payment for a tombstone, or grave marker, for the decedent's grave is a proper charge against the estate, and credit therefor will be allowed in the executor's account.

Argued October 18, 1921. Appeal, No. 219, Oct. T., 1921, by William J. Mitchell, from decree of O. C. Phila. Co., April T., 1921, No. 241, dismissing exceptions to adjudication, in the Estate of Elizabeth H. Mitchell, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication on executor's account.

The facts are stated in the following opinions filed in the court below:

Opinion sur adjudication by GEST, J.:

Elizabeth Harley Mitchell died on June 24, 1920, leaving a husband, William J. Mitchell, and a will admitted to probate on July 17, 1920, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By her will, the testatrix directed her executor to pay her just debts and funeral expenses; bequeathed to her cousin, William H. Brown, $500; to Mt. Moriah Cemetery Co. $150 in trust to collect the income and use the income to keep in good order and repair the lot of her father and mother, and the residue of her estate she devised and bequeathed to her husband, William J. Mitchell, for life, and at his decease gave and devised the same, two-thirds to William H. Brown, and one-third to Susannah H. Collins.

By writing dated December 7, 1920, the surviving husband elected to take against the will, which election is stated to have been duly recorded.

William H. Brown predeceased the testatrix so that his legacy of $500 lapsed.

The surviving husband by his election is entitled, there being no issue, to one-half of the estate. His election accelerates the remainders in the residuary estate devised to him for life with remainder to William H. Brown, two-thirds, and Susannah H. Collins, one-third. The husband further claimed that the share of William H. Brown had lapsed by reason of his death, and that under the Wills Act of 1917, section 15 (c) Susannah H. Collins was entitled to only one-third of William H. Brown's share and that the surviving husband was entitled in case of an intestacy to the rest of the residue on account of his five thousand dollars special allowance. This claim cannot be allowed. When the husband elected to take against the will he became entitled to one-half of the

estate as in cases of intestacy, and in no circumstance can he get more; Lee's App., 124 Pa. 74, though arising under a different statute, is analogous, and so is Hollinger's Est. (No. 2), 259 Pa. 75. Moreover, the right of a surviving husband to the $5,000 special allowance in cases of intestacy under section 2 (a) of the Intestate Act of 1917 has expressly no application to cases where the husband elects to take against the will as he has here. The lapse in the residuary bequest occasioned by the death of William H. Brown is provided for by section 15 (c) of the Wills Act of 1917, which provides:

"In any case where such devise or bequest, which shall fail or be void or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue."

The auditing judge is clearly of opinion that under this provision of the act the surviving residuary legatee, Susannah H. Collins, is entitled to the entire residue and not merely to one-third of it: Jackson's Est., 28 D. R. 943. The object of this clause is to prevent an intestacy where any of the residuary legatees survive and can take.

The accountant takes credit for funeral expenses of the decedent and for removal of remains, $39, and undertaker, $405.40, a total of $444.40. In her will the testatrix directs the payment of her debts and funeral expenses, but so far as the latter are concerned the surviving husband is chargeable with them. He took against the will and cannot therefore claim the benefit of this direction, which being in relief of his legal liability is in effect a legacy to him. The decisions on the subject are clear: Waesch's Est., 166 Pa. 204; Melot's Est., 231 Pa. 520; Williams's Est., 14 D. R. 407; Rosar's Est., 21 D. R. 302. For a similar reason the allowance asked for, viz: $100 for grave marker must be refused.

208, (1922).]         Opinion of Court below.

The balance for distribution is......$2,264.86

Add credits for funeral expenses, etc.,     444.40

$2,709.26

Less additional credits .............     41.00

$2,668,26

Of which there is awarded to William J. Mitchell, surviving husband, one-half, less inheritance tax due the Commonwealth at the rate of 2 per cent, and less $444.40.

From the remaining one-half there is awarded to Mt. Moriah Cemetery Co. $150 in trust for care of family lot, and from the balance there is awarded to the Commonwealth inheritance tax at 5 per cent and the residue is awarded to Susannah H. Collins.

Any income or interest on deposits to the date of payment will be awarded to William J. Mitchell, one-half, and to Susannah H. Collins, one-half.

The accountant is directed to serve a copy of this adjudication on Susannah H. Collins before final confirmation of the adjudication.

Opinion of court on exceptions and the decree made by GUMMEY, J.:

The fifth exception relates to the refusal of the auditing judge to allow $100 for a headstone to be placed at the decedent's grave. The reason that a husband who is administrator of his wife's estate may not take credit for the payment of her doctor's bill, etc., is that he is bound to maintain her and is legally responsible for such charges, and could be sued for them. An undertaker's bill is on the same footing, funeral expenses being assimilated to debts by section 15 (a) of the Fiduciaries Act of 1917; but the cost of erecting a tombstone at the grave of a wife is different, as this is not a necessary part of the wife's funeral expenses and the surviving husband could not be sued for its cost. It is nevertheless reasonable and proper that a suitable monument should be

Opinion of Court below—Opinion of the Court. [79 Pa. Superior Ct.

erected over the remains of a decedent, and an allowance of this character has frequently been made. See Webb's Est., 165 Pa. 330.

The question raised by the remaining exceptions were properly disposed of by the auditing judge for the reasons which he gives, and further discussion of them seems unnecessary.

The fifth exception is sustained with the concurrence of the auditing judge; all other exceptions are dismissed, and the adjudication as hereby amended is confirmed absolutely.

*Errors assigned* were the final decree of the court below, and the adjudication on the several exceptions.

*George J. Edwards, Jr.,* for appellant.

No appearance, and no printed brief, for appellee.

Per Curiam, March 3, 1922:

After a careful examination of this record we concur in the conclusion reached by the auditing judge, and the court in banc, and for the reasons given in their opinions, the judgment is affirmed.