# Kreeger's Estate.

*Decedents' estates—Inheritance tax—Deductions—Expenses of administration—Cost of tombstone—Act of June 20, 1919, P. L. 521.*

1. The transfer inheritance tax provided by the Act of June 20, 1919, P. L. 521, cannot be levied on a reasonable and proper sum expended by an executor to provide a tombstone for the grave of his decedent.

2. The "expenses of administration" allowed in the act as deductions, are to be construed in their broadest meaning, and in accordance with the immemorial customs of the people, so as to include all those duties cast upon the personal representative of the decedent, to bury with a funeral befitting his state in life, and to provide a place of burial and a suitable marker for the grave.

1923.]      Statement of Facts—Opinion of the Court.

Argued March 19, 1923.   Appeal, No. 248, Jan. T., 1923, by Commonwealth, from decree of O. C. Phila. Co., Jan. T., 1922, No. 588, dismissing exceptions to adjudication, in estate of H. Allan Kreeger.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Exceptions to adjudication of Gest, J.

Exceptions dismissed in per curiam opinion.   Commonwealth appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Geo. Ross Hull,* Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellant.— The cost of a tombstone is not a debt of the decedent: Wynkoop v. Wynkoop, 42 Pa. 293; Barclay's Est., 2 W. N. C. 447; Gordon's Est., 22 Pa. Dist. R. 1023.

The cost of a tombstone is not an expense of administration: Kirkpatrick's Est., 275 Pa. 271.

*Sidney E. Smith,* for appellee, cited: Middleton's Est., 13 Pa. Dist. R. 811; Hayes's Est., 7 Pa. Superior Ct. 160.

Opinion by Mr. Justice Schaffer, April 30, 1923:

The question propounded to us on this appeal by the Commonwealth, is, whether it should be permitted to levy the transfer inheritance tax, provided by the Act of June 20, 1919, P. L. 521, 8 Purdon's Digest 8496, on the sum expended by an executor to provide a tombstone for the grave of his decedent,—whether, in determining the clear value of the estate to calculate the impost, a reasonable and proper expenditure for such purpose can be deducted from the gross value?   The act says: "In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent and the expenses of administration of such estates."

It cannot be successfully urged that the funeral expenses are a debt of the decedent. "Funeral charges are not, to speak accurately, debts due from the deceased, but charges which the law, out of decency, imposes upon the estate; and so far as these are reasonable in amount, they take legal priority of all such debts, as likewise do administration charges": Schouler on Wills, Executors and Administrators, 5th ed., section 1421.

If the act were to be construed literally and without regard to the immemorial customs of the people, which the legislature is presumed always to have in mind,— none more universally observed and more deeply ingrained in human nature than those relating to burial of the dead,—there would be no warrant for the deduction of the expense of shrouding and coffining the dead, or appropriately conveying the remains to their last resting place, or providing a place of sepulture, because in its narrow sense "expenses of administration" would cover none of these things. In Wynkoop v. Wynkoop, 42 Pa. 293, speaking of burial customs and funeral expenses, it was said: "So universal is the right of sepulture, that the common law, as it seems, casts the duty of providing it, and of carrying to the grave, the dead body decently covered, upon the person under whose roof the death takes place; for such person cannot keep the body unburied, nor do anything which prevents Christian burial; he cannot, therefore, cast it out, so as to expose the body to violation, or to offend the feelings or endanger the health of the living; and, for the same reason, he cannot carry the dead body uncovered to the grave: Reg. v. Stewart, 12 Ad. & Ellis 773 (40 E. C. L. R.). The executor or administrator must bury the deceased in a manner suitable to the estate he leaves behind him, and such funeral expenses are placed, by an Act of Assembly, in the first class of preferred debts." In Kitchen v. Wilkinson, 26 Pa. Superior Ct. 75, it was observed: "A decent burial is the right of everyone. It is a right

springing from the necessities of the case and is recognized in all well ordered communities."

When the legislature enacted the phrase "expenses of administration," it, of course, took account of the customs of the people in regard to the burial of their dead, with no purpose to outrage their feelings and sentiments, as would be done if a tax be collected on the cost of those things which are recognized as fitting, seemly and appropriate to decent interment; and, therefore, without particularizing,—knowing that funeral expenses have long been considered a preferred claim, that it was so provided by the Act of April 19, 1794, section 14, 3 Sm. L. 143, the Act of February 24, 1834, P. L. 73, section 21, and also in the Fiduciaries Act of June 7, 1917, P. L. 447, section 13, that they were so treated at common law (Blackstone, Book II, p. 511; 24 Corpus Juris 419), and that the law imposed upon an executor or administrator, as his first obligation, the duty of burying the deceased (Blackstone, Book II, p. 508; 23 Corpus Juris 1171),—it used these words in their broadest sense, intending to include within their meaning all these duties cast upon the personal representative of the decedent, to bury with a funeral befitting the station of the deceased in life, to provide a place of burial and a suitable marker for the grave.   It was said by Chief Justice TILGHMAN in McGlinsey's App., 14 S. & R. 64: "The deceased had a good estate and no children, and the widow, who was entitled to one-half, wished to be liberal in honor of his memory; a handsome tombstone was erected over a vault, in which the body was interred, and this was the principal article of expense; I think it should be allowed."   In Webb's Est., 165 Pa. 330, it was held that the expense of a tombstone over the grave of a decedent is a legitimate item of credit in the account of an executor even when no provision on the subject was made in the will of the testator.   Mr. Justice GREEN said in that case (page 334) : "It is rather surprising that after two express decisions of this court to the con-

trary, the auditor and the court below should have refused a credit of $120 paid by the accountants for the erection of a tombstone over the grave of the testator. Both McGlinsey's App., 14 S. & R. 64, and Porter's Est., 77 Pa. 43, decided explicitly that an allowance for such an expenditure is entirely proper, and credit for it should be given against the estate of the decedent...... In Porter's Estate, Mr. Justice SHARSWOOD, delivering the opinion, said, 'This court has recognized the expense of a suitable tombstone over the grave of a decedent to be a legitimate item of credit in the accounts of an executor, even when no provision on the subject was made in the will of the testator; ......in any event the act of burial includes all the usual incidents of decent burial, of which one, at least, is the erection of a suitable tombstone.'" The Superior Court in Lutton's Est., 17 Pa. Superior Ct. 342, and in Mitchell's Est., 79 Pa. Superior Ct. 208, has also determined that a reasonable sum for the cost of a tombstone should be allowed out of a decedent's estate as an expense incurred in its settlement.

After having discharged the first duties to the deceased, in connection with his burial, it then becomes the obligation of his personal representative to proceed to administer his estate. It is not this latter function alone which is covered by the words "expenses of administration" but all other duties cast on the executor or administrator by his trust. This was recognized by the lawmakers in their use of the words "expenses of administration," and included therein is the cost of an appropriate tombstone or other marker for the grave. It is one of the expenses of administration, and, therefore, a proper deduction to be allowed from the gross value of the estate, in ascertaining the clear value, upon which to calculate the transfer inheritance tax.

The decree of the orphans' court is affirmed.