## Lucas's Estate.

*Decedents' estates—Will—Election of widow against—Allowance of $5,000—Acts of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755.*

A widow who elects to take against her husband's will, is not entitled to the allowance of $5,000 from the husband's estate, provided by the Acts of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755.

Argued May 2, 1923. Appeal, No. 49, Jan. T., 1924, by Harriet E. Lucas, widow of decedent, from decree of O. C. Phila. Co., April T., 1922, No. 678, dismissing exceptions to adjudication, in estate of Silas T. Lucas, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by THOMPSON, J.
Harriet E. Lucas, decedent's widow, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Horace M. Rumsey,* for appellant.

*Ralph B. Umsted*, with him *John R. Umsted*, for appellees.

PER CURIAM, May 23, 1923:

In this case we adopt the following excerpt from the adjudication of the auditing judge: "Testator left to survive him a widow [the appellant], but no issue; his widow elected to take against the will and requested the auditing judge to include in his award to her the sum of $5,000 allowed by section 2 (a) of the Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755. Notwithstanding the ingenious argument of Mr. Rumsey [counsel for claimant],......to award the widow the $5,000 would be in direct violation of the act of assembly, which provides that the allowance shall not apply to cases where the surviving spouse shall elect to take against the will of the deceased spouse: Mitchell's Est., 79 Pa. Superior Ct. 208, 210, 212."

The decree appealed from is affirmed; costs to be paid out of the estate.