## Ford's Estate.

*Transfer inheritance tax — Clear residue — Married women—Surviving husband sole legatee—Direction to pay just debts and funeral expenses— Act of July 12, 1923.*

In calculating the clear residue, upon which the transfer inheritance tax is due under section 2 of the Act of June 20, 1919, P. L. 521, as amended by the Act of July 12, 1923, P. L. 1078, from the estate of a married woman who died leaving a husband surviving and a will, whereby, after directing that her just debts and funeral expenses be paid, she gave her entire estate to her husband absolutely, the amounts paid for medical attendance and other necessaries, admittedly contracted for by the decedent during her lifetime, and funeral expenses, are not to be deducted.

LAMORELLE, P. J., dissents.

Exceptions to adjudication. O. C. Phila. Co., July T., 1924, No. 2175.

The facts appear from the following extract from the adjudication of

THOMPSON, J., Auditing Judge.—The testatrix died Oct. 29, 1923, leaving a husband, Albert E. Ford, and no children, and I assume no issue of deceased children, and a will, whereby, after directing her just debts and funeral expenses to be paid, she gave her entire estate to her husband, Albert E. Ford, absolutely, and named him and the Franklin Trust Company executors. . . .

The petition for distribution propounds the following inquiry:

"In ascertaining the clear value of the estate for the purpose of inheritance tax, whether the following items, viz.:

"(a) Amounts paid for medical attendance and other necessaries admittedly contracted for by the decedent in her lifetime, and

"(b) The sum of $700, agreed upon as a reasonable and customary amount, for the funeral expenses, are or are not properly deductible, the decedent having by her will directed the payment of her just debts and funeral expenses."

The items referred to in paragraph (a) of the above inquiry, according to a stipulation annexed, amount to $360.08, and in respect to the funeral expenses, they are stated in the account to be $1904.75, and the accountant admits that as to the excess over $700, such excess is not properly deducted in ascertaining the amount upon which transfer inheritance tax is to be paid.

. . . .

In the settlement of the estate of a married woman, it has been the practice of this court to charge the cost of burial and for necessaries furnished the wife against the husband's share therein, on the ground that he was liable therefor, even though her will directed the payment of her debts and funeral expenses, and this on the theory that such a direction being in relief of the husband was in effect a legacy to him, and in this practice we have been fortified by abundant authority from Waesch's Estate, 166 Pa. 204, to Mitchell's Estate, 79 Pa. Superior Ct. 208. . . . The fact that in the case under consideration the wife contracted the bills for necessaries in her lifetime does not, in my judgment, affect the application of the above rule. If these items, as well as the funeral expenses. are not deductible from the estate of the wife in ascertaining the amount for distribution, I do not see why they should be deducted in ascertaining the transfer inheritance tax. They are not debts of the wife at all if the husband is ultimately liable for the payment of them and so does.

*Frederick W. Breitinger,* for exceptant.

*J. Lee Patton,* for Commonwealth, contra.

GEST, J., Jan. 12, 1925.—According to the common law, the husband of a married woman is liable for necessaries supplied to his wife, and for her

medical attendance and other expenses incident to her illness, and her proper interment, and, if the payment of these charges is required to be made by her personal representatives, their amount may be recovered from the husband, or, to prevent circuity of action, they may be deducted from his distributive share of her estate: Waesch's Estate, 166 Pa. 204; Detwiler v. Bowers, 9 Pa. Superior Ct. 473; Conn's Estate, 65 Pa. Superior Ct. 511; Costigan's Estate, 13 Phila. 264; Darmody's Estate, 13 Phila. 207. The wife may indeed direct, as she did in this case, that her debts and funeral expenses be paid, but, as this direction is in relief of the husband, it is in effect a legacy to him, and it seems to us is, like any other legacy, subject to taxation. Mitchell's Estate, 79 Pa. Superior Ct. 208, rules the case. Stress was laid, in the ingenious argument of the learned counsel for the exceptant, upon the Married Women's Acts, which enable a married woman to bind her separate estate by her contracts, but, in our opinion, these acts do not affect the question, inasmuch as the liability of the husband remains unchanged. The Act of April 11, 1848, § 8, P. L. 536, 3 Purd. 2458, certainly has no application, and, while the later Act of June 3, 1887, P. L. 332, greatly enlarged the power of a married woman to make contracts for necessaries, and in connection with the trade or business in which she may engage, and rendered her liable to suit thereon, yet this court expressly ruled in Weber's Estate, 20 Phila. 8 (1890), that the common law liability of the husband still remained, and adhered to the settled practice. The Act of 1887 was repealed and supplied by the similar Act of June 8, 1893, P. L. 344, which enlarged the powers of married women, but we find no subsequent case that impairs the common law rule, Moore v. Copley, 165 Pa. 294; Guinane's Estate, 15 Dist. R. 948 (1906), and in Harres v. Wetherill, 21 Dist. R. 247 (1912), the Court of Common Pleas No. 2 held that the primary liability of the husband for necessaries continued, and that the liability of the wife was that of a surety only. This being so, the testamentary direction in the will of a married woman that her debts be paid by her estate is distinctly in relief of her husband, and, as was said in Mitchell's Estate, 79 Pa. Superior Ct. 208, is in effect a legacy to him. The provisions in the taxing act, allowing debts and funeral expenses to be deducted, have, consequently, no application, because the act contemplates the case where the taxable estate is that of the person primarily liable, and not the estate of a person secondarily liable, who, like a surety, has the right of recourse against her principal.

Any seeming injustice or anomaly in the result must be attributed to the gradual changes in the marital relation effected by legislation, which give greater rights to the wife without changing the duties and liabilities of the husband. But our province is jus dicere, not jus dare, and any further change in the law that would reduce or obliterate the husband's common law liability must be made by the legislature and not by us.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LAMORELLE, P. J., dissenting.—The matter before the court on exceptions is the construction of an act relating to transfer inheritance tax, passed in 1923.

I, therefore, fail to see the application of Mitchell's Estate, 79 Pa. Superior Ct. 208 (decided in 1922, before the act was approved), either in so far as it applies to the items of credit embodied in the first exception or, for that matter, to the funeral expenses which are the subject of the second exception.

The decision in the cited case was in effect that a surviving husband who elects to take against his wife's will cannot invoke the benefit of an item in

that will which practically exonerates him from payment of the funeral expenses. In my judgment, this was proper. But no question of taxation nor of the method of determining the clear value of an estate passing from a decedent was involved, and, therefore, the case is not an authority for the action of the auditing judge in the instant case.

He, in passing upon the question raised by the Commonwealth, ignored the plain wording of the act under which the tax was assessable.

The Act of June 12, 1923, P. L. 1078, by its 2nd section, provides that all taxes imposed by the act shall be at the rate of 2 per centum upon the *clear value of the property passing to a husband;* and, further, that in ascertaining the *clear value* the only deductions, among other things, shall be the debts of the decedent, *and reasonable and customary funeral expenses.*

In the instant case, a woman, having a separate estate of upwards of $36,000, contracted in her lifetime—and as she contracted, liability attached to her separate estate—for items aggregating $360.08. This fact is shown by stipulation filed of record. In fixing the clear value of the estate, the auditing judge, despite the stipulation, added these items of credit and treated such contracts as if non-existent. He also added to the balance shown by the account so much of the funeral expenses for which credit was taken as was agreed upon as reasonable in the premises. In this, I believe, he erred. There is nothing on the face of the act itself which shows that it does not apply to every decedent, male or female, married or single. The ruling is in the teeth of the act itself.

Apart from the provisions of the will which direct payment of just debts and funeral expenses, I am of opinion that the auditing judge reads into the act something which is not there nor intended to be there, and for that reason I dissent.