## Mellor's Estate.

*Taxation — Transfer inheritance tax — Clear value of estate — Deductions for funeral expenses of married woman—Act of July 12, 1923, P. L. 1078.*

1. Under the Act of July 12, 1923, P. L. 1078, the funeral expenses of a deceased married woman, who leaves a surviving husband, are deductible in calculating the clear value of her estate for transfer inheritance tax purposes.

2. Such deductions are not limited to such cases only where the husband is unable to pay.

3. The fact that a wife directed in her will that her funeral expenses should be paid out of her estate, has no bearing on the question.

Argued March 17, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 31, March T., 1926, by the Commonwealth, from decree of O. C. Allegheny Co., April T., 1925, No. 233, dismissing exceptions to adjudication in estate of Mary Mellor, deceased. Affirmed.

Exceptions to adjudication of TRIMBLE, J. Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by TRIMBLE, J., MITCHELL, J., dissenting: 73 Pittsburgh L. J. 689; 39 York 99.

*Error assigned* was decree, quoting record.

*Charles A. Waldschmidt,* with him *Philip S. Moyer,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—From the case at bar there can be no question that the husband received sufficient from his wife's estate to pay the amount of the funeral bill: Waesch's Est., 166 Pa. 204.

A surviving husband is liable for the funeral expenses of his deceased wife: Mitchell's Est., 79 Pa. Superior Ct. 208; Conn's Est., 65 Pa. Superior Ct. 511; Detwiler v. Bowers, 9 Pa. Superior Ct. 473; Melot's Est., 231 Pa. 520; Ford's Est., 5 Pa. D. & C. R. 523; Frick's Est., 277 Pa. 242.

*J. Garfield Houston,* for appellee.—The Act of 1923 arbitrarily allows the item of funeral expenses to be deducted in the estates of all decedents in calculating the clear value of the estate for transfer inheritance tax purposes.

In Ford's Est., 5 Pa. D. & C. R. 523, in which the Orphans' Court of Philadelphia County ruled on the same question involved in this appeal, the majority opinion confuses the question of distribution with the question of tax liability.

In the case at bar the direction in the will of the decedent for the payment of funeral expenses transfers the primary liability for such expenses from the husband to the estate, hence such expenses are deductible either as a debt of decedent or as an expense of administration: Melot's Est., 231 Pa. 520.

OPINION BY MR. JUSTICE SCHAFFER, April 12, 1926:

The question for determination is, Whether the funeral expenses of a deceased married woman, who leaves a surviving husband, are deductible in calculating the clear value of her estate for transfer inheritance tax purposes. The orphans' court determined that they are and from the decree dismissing its exceptions the Commonwealth appeals.

We think it not necessary to review the legislation on the subject of inheritance taxes prior to the Act of July 12, 1923, P. L. 1078, which is the statute under which the Commonwealth seeks to maintain a tax on the amount expended for funeral expenses. That act provides, "All taxes imposed by this act shall be at the rate of two per centum upon the *clear value* of the property subject to such tax passing to or for the use of father, mother, husband, wife, children,......and at the rate of ten per centum upon the clear value of the property subject to such tax passing to or for the use of any other person or persons, bodies corporate or politic; to be paid for the use of the Commonwealth. In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent, *reasonable and customary funeral expenses,* bequests or devises in trust, in reasonable amounts, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon, reasonable expenses for the erection of monuments or gravestones, grave and lot markers, and the expenses of the administration of such estates,......" It will be seen that whatever may have been the language of prior enactments providing for the collection of taxes on decedent's estates and however they may have been judicially construed, the act now to be considered provides in express terms that, "in ascertaining the clear value.....the.....deductions to be allowed from the gross values......shall be [among

others] reasonable and customary funeral expenses."
The Commonwealth argues that the husband is primarily liable for his wife's funeral expenses and, this being so, we should read into the act a limitation of deductibility to such expenditures as the wife's estate would be primarily liable for, citing to us such cases as Waesch's Est., 166 Pa. 204, and Mitchell's Est., 79 Pa. Superior Ct. 208, but the legislature in determining what deductions it would allow before assessing the tax said in explicit terms that allowance should be made for "reasonable and customary funeral expenses" and placed no other limitation thereon. We think this plain language negatives the idea that the deduction was to be made only in the event that the husband is unable to pay.

There is a direction in the will that all funeral expenses shall be paid out of the estate; it is our view, however, that the presence or absence of such a provision has no bearing on the question presented.

The judgment is affirmed.