## Heines's Estate.

*Decedents' estates—Husband and wife—Liability of husband for wife's funeral expenses—Election to take against will.*

Where a surviving husband elects to take against his wife's will, his primary duty to pay her funeral expenses remains, even though the wife's will directs the payment of her funeral expenses out of her own estate.

Exceptions to adjudication. O. C. Berks Co.

*Rothermel & Mauger*, for petitioner.

MARX, P. J., May 7, 1927.—Under an adjudication filed and confirmed *nisi* on July 11, 1925, in the above estate, this court decreed to Hunter Henninger, the sum of $182.53, the entire balance in court for distribution, on account of decedent's funeral expenses. The entire claim of the undertaker was $290.93.

By her last will and testament, decedent directed, *inter alia*, that all her just debts and funeral expenses be paid by her executor. Decedent was survived by her husband, J. Philip Heines, and children by a former husband. The surviving husband elected to take against the will. The children of decedent excepted to the foregoing adjudication, contending that the balance in court should have been decreed, one-third, the share under intestate law of the surviving husband, to Hunter Henninger on account of said funeral expenses, and the remaining two-thirds, in equal shares among decedent's children. These exceptions raise, as the sole question for determination, the liability of decedent's estate for the expenses of her burial.

"Where the wife, by law, directs payment of her funeral expenses out of her own estate, this is in relief of the husband, and, as between themselves, exempts him from liability. The rule, however, has no application where he elects to take against the will. Such election is inconsistent with the acceptance of the benefit conferred; for any exoneration from a legal responsibility is tantamount to a legacy:" Rosar's Estate, 21 Dist. R. 302; Waesch's Estate, 166 Pa. 204; Melot's Estate, 231 Pa. 520; Mitchell's Estate, 79 Pa. Superior Ct. 208, 210.

"The common law duty and liability of the husband still remains. And, therefore, in the settlement of the estate of a deceased wife, while as between the creditor and the decedent her estate is liable for necessaries furnished in her lifetime and the expense of interment, etc., yet the husband is primarily liable therefor, and can be called upon to reimburse the estate. But to prevent circuity of action this is accomplished by deducting from his distributive share the amount the estate was compelled to pay, and for which he is liable: Darmody's Estate, 6 W. N. C. 487; Costigan's Estate, 36 Legal Intell. 383; 13 Phila. 264;" Weber's Estate, 20 Phila. 8, 9.

"If the law be as we have stated, it follows that, though the undertaker in such a case as the present may recover from the wife's executor, just as in Jenkins v. Tucker he might have done from the father, who employed him,

the executor may in turn recover from the husband:" Darmody's Estate, 13 Phila. 207, 208; Ford's Estate, 5 D. & C. 523, 524.

The effect of these decisions is that the primary liability of decedent's husband for her funeral expenses remains by virtue of his election to take against the will. Were his distributive share sufficient to cover the funeral expenses the same might be charged against such share. His distributive share being insufficient to cover the funeral expenses, accountant is subrogated to the rights of the undertaker, to the extent of the additional payment by the estate, over and above the distributive share of the surviving husband, and may recover the same from the surviving husband by an action at law. This remedy does not, however, relieve the estate of decedent from liability to the undertaker for the payment decreed by the court.

Now, May 7, 1927, the exceptions are dismissed.

                                        From Charles K. Derr, Reading, Pa.