## Fitzgerald's Estate

Before Gest, Henderson, Van Dusen, Stearne, Sinkler, JJ., and Marx, P.J., twenty-third judicial district.

*H. Crowell Pepper*, of *Ladner & Ladner*, for exceptant.

*John K. Loughlin*, contra.

STEARNE, J., April 13, 1933.—An item of credit was taken in the account for the cost of a tombstone. Such an expense, if within reasonable bounds, is a proper expenditure: Webb's Estate, 165 Pa. 330; Mitchell's Estate, 79 Pa. Superior Ct. 208; Kreeger's Estate, 277 Pa. 326. This is so notwithstanding objection of some legatees and next of kin where it is approved by a majority of persons in interest: Titlow's Estate, 5 Dist. R. 40; Barclay's Estate, 11 Phila. 123. Exceptant and his two sisters are the only interested persons. The sisters approve. In an estate of approximately $20,000 such a credit of $385, while ample, does not appear to be extravagant, especially where approved by two thirds of the interested parties.

An additional reason appears why we should not consider the exceptions. Exceptant is estopped from now objecting. The item of credit appeared in the account, a copy of which was admittedly received by him in ample time prior to the audit. According to the petition for distribution he had full notice of the time and place of the audit. Exceptant neither objected to any items in the account nor appeared at the audit, and the account was confirmed nisi in regular course by an auditing judge. Exceptant was thus afforded his day in court but did not avail himself of his opportunity. On the last day permitted by our rules to file exceptions, he filed the exceptions to the adjudication which are now before us. Under such circumstances, we are of opinion that exceptant exhibited no legal or equitable ground to enable him now to object to the controverted item in the account.

The exceptions are dismissed and the account is confirmed absolutely.