### HORN et al. v. RICHARDSON et al.

### No. 13297.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 17, 1936.

Preston Martin, of Weatherford, for appellants.

John D. McComb, of Jacksboro, for appellees.

BROWN, Justice.

Appellant Willie Jewell Horn, joined by her husband, through certiorari proceedings, brought this cause from the probate court of Jack county to the district court of said county, for the purpose of reviewing the action of the probate court in classifying and allowing the claim of E. N. Miller, the funeral director who buried Mrs. Louisa Jane Moore, as a first and preferred claim against the estate of the said deceased, and in classifying and allowing appellants' claim in such a manner that Miller's claim must be first paid out of the said estate. It is urged that the payment of Miller's claim will absorb the entire estate, and that appellants' claim should be decreed to be prior to Miller's.

The findings of fact made by the trial court, who tried the cause without the intervention of a jury, are unchallenged. The appellants complain because of the conclusions reached under these facts.

Tersely stated, the facts found are: That the deceased died December 27, 1931, intestate and owning as her separate estate 135 acres of land in Jack county; that her husband survives; that appellee was duly appointed and has qualified as administrator of deceased's estate; that E. N. Miller was employed to prepare the deceased for burial, and did so, and his bill for such services is $262.50 and is unpaid; that Miller presented his claim to the probate court and the administrator for allowance, and same was allowed as a "first class claim," and has not been paid; that appraisers fixed the value of the said estate at $6 per acre; that it is the separate estate of the deceased; that the estimated costs and expenses of administration were shown to be $100, in an application made by the administrator for leave to sell the said lands; that the probate court granted the application and ordered the sale to be made; that the administrator reported a sale made to E. N. Miller for $350 cash, but that no confirmation of the report or sale was had; that on March 7, 1931, the deceased borrowed from appellant Willie Jewell Horn $300, and executed a promissory note in such sum, due and payable to said appellant's guardian (who made the loan for said appellant while she was a minor) on March 7, 1934, and that to secure the debt a deed of trust lien was concurrently executed with the note, conveying the 135 acres of land comprising the

deceased's estate; that the debt is unpaid and the lien is intact; that Miller knew of the debt, note, and lien owned by appellant when he undertook to furnish the funeral and burial services for deceased; that Miller's claim for funeral expenses is less than $500 and same is a first class claim and superior to appellants' claim and lien.

The trial court concludes that appellant is not entitled to the relief sought, because of the provisions of article 3531, R.C.S., and that Miller's claim should be first paid out of the moneys received from the sale of any property belonging to the estate of the deceased.

There are four assignments of error, which are properly classified in two groups. The first and second are that the trial court erred in holding that Miller's claim for funeral expenses should be first paid out of the proceeds of the estate, and that same is a superior claim to that of appellant; and that the trial court erred in construing article 3531, R.C.S., as expressly making Miller's claim superior to appellant's. The third and fourth assignments are that said article 3531 is violative of the provisions of article 1, § 19, of the Constitution of Texas, and violative of the provisions of article 1, § 16 thereof.

■ It seems evident that the established rule, whereby the claim for funeral expenses is classified and given preference over prior claims that are secured by liens created by the deceased, while living (except purchase-money debts), is one that has grown out of the sentiment to which civilized man responds, namely, that the body of the dead should have proper interment and the cost thereof should first come out of the estate left by the deceased.

This rule, in some cases, as here, works a manifest hardship, but it has been with us since time and the courts were young, and no power can change it, save the lawmaking bodies, who have seen fit to write it into our Code.

Our Supreme Court, in Blair & Co. v. Thorp, 33 Tex. 38, in speaking of a creditor who then stood in similar shoes to those in which appellant here stands, said: "They took their mortgage lien after the law had been well settled, and took the chances of being cut out by the contingency which has happened."

Article 3531, R.C.S., specifically classifies and gives priority of payment to Miller's claim against Mrs. Moore's estate. Robertson's Adm'x v. Paul, 16 Tex. 472; McLane v. Paschal, 47 Tex. 365.

The statute invoked by appellee, which fixes the status of Miller's claim and of appellant's, has been long with us. It is but an express Code provision carrying out the long-established common law.

■ We find no merit in the contention that it violates the provisions of our State Constitution.

All assignments of error are overruled and the judgment of the trial court is affirmed.