GEORGE GUEST, ADMINISTRATOR, V. HARRY WILSON.

No. 6952.   Decided November 3, 1937.
(109 S. W., 2d Series, 468.)

*Hutchison & Fisher* and *Long & Wortham,* all of Paris, for plaintiff in error.

Claims for funeral expenses take precedence over the landlord's lien. The administrator of an estate of a deceased tenant is entitled to the proceeds of the tenant's crops, for the purpose of paying funeral expenses and expenses of administration, because the title to the crops exclusive of the rent of the landlord was vested in the tenant and the landlord had no title therein only that of a lien holder and not that of a vendor. Williams v. Robinson, 56 Texas 347; Curlee v. Rogan, 136 S. W. 1126; Henry v. Bell, 48 S. W. (2d) 749.

*R. E. Eubank* and *J. M. Braswell,* of Paris, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by plaintiff in error, George M. Guest, administrator of the estate of Sarah Rodgers, deceased, against defendant in error, Harry Wilson. The parties will be referred to as in the trial court. Plaintiff sought to recover the sum of $340.72, the proceeds of crops raised by the decedent on the lands of defendant, and as his tenant, during the year 1930. The controlling question upon which plaintiff's right to recover depends is whether or not the preference given to funeral expenses and expenses of administration by statutes concerning classification and payment of claims against an estate is superior to a landlord's lien against crops given by Articles 5222 and

5223 of the Revised Statutes of 1925. The trial court and the Court of Civil Appeals held that the landlord's lien was superior to the statutory preference given to funeral expenses and expenses of administration. 81 S. W. (2d) 812.

Article 3531 is in part as follows:

"The claims against an estate shall be classed and have priority of payment as follows:

"1. Funeral expenses and expenses of last sickness.

"2. Expenses of administration and expenses incurred in the preservation, safe-keeping and management of the estate.

"3. Claims secured by mortgage or other liens so far as the same can be paid out of the proceeds of the property subject to such mortgage or other lien, and when more than one mortgage or lien shall exist upon the same property, the oldest shall be first paid; but no preference shall be given to such claims secured by mortgage or other lien further than regards the property subject to such mortgage or other lien."

Article 3533 provides that executors and administrators, when they have funds in their hands belonging to an estate, shall pay (1) funeral expenses; (3) expenses of administration, and (4) other claims in the order of their classification.

■ It has been many times held that claims for funeral expenses and expenses of administration were superior to mortgage liens and deed of trust liens, except liens for purchase money. Article 3531, in classifying claims secured by lien, mentions "mortgage or *other* liens." Evidently this was intended to include statutory as well as contract liens.

In the case of Williams v. Robinson, 56 Texas 347, the preference given by statute to funeral expenses and expenses of administration was held superior to the lien of a judgment rendered in the district court against an administrator which judgment established a certain debt as a preferred claim and ordered it paid "in preference to all other debts."

Even in the absence of statute, funeral expenses have been allowed legal priority over all debts. This has been based upon principles of public policy. In re Estate of Kreeger, 277 Pa. 326, 121 Atl. 109, 28 A. L. R. 669. Our statute was no doubt intended to be a legislative recognition of this general public law, except as to purchase-money liens. Likewise, expenses of administration, both at common law and by statute, have been accorded superiority over debts secured by lien, except liens for purchase money. 24 C. J., pp. 423 and 424.

We call attention to the fact that as the law now exists, a secured claimant, electing to proceed under statutory provision for payment of claim from the specific property securing the indebtedness, instead of provision for payment thereof in due course of administration from entire assets of estate, is entitled to preference over claims against the estate for funeral expenses and expenses of administration. Wyatt v. Morse, 129 Texas 199, 102 S. W. (2d) 396. However, in that case the Court said:

"The Court of Civil Appeals in Horn et al. v. Richardson et al., 90 S. W. (2d) 886, denied the lien preference over funeral expenses under facts similar to those here presented, apparently under the view that the Legislature had not changed a rule of such long standing relating to such a subject. While the rule is still given application when the entire assets of the estate are proceeded against by the claimant, it is clear that it no longer has application when the claimant proceeds against the specific property securing the debt and waives further claim against the estate. The Legislature has modified the rule in the manner pointed out, and we have no alternative other than to observe the modification as made." .

The claim involved in the present suit arose prior to the amendment of the statute.

■ As we construe the brief of defendant, it is not seriously contended that the landlord's lien was superior to the claim of plaintiff in error for funeral expenses and the expenses of administration. The burden of his counter propositions is that there was no classification of plaintiff's claim as provided by statute. We note the statement of facts contains the following:

"Plaintiff offered in evidence the claim of George M. Guest, trading as the Neighbor's Aid Undertakers, against the Estate of Sarah Rodgers in the amount of $154.55, for funeral expense of the deceased, duly sworn to by affiant, George M. Guest, on the 30th day of January, 1931, and filed with the County Clerk in the Probate Court of Lamar County, Texas, on January 30, 1931; examined and approved by C. A. Martin, Judge of the County Court of Lamar County, Texas, and approved for the full amount as a first class claim on the 21st day of March, 1931."

In our opinion, the last clause clearly shows an approval and classification by the probate court.

■ It was agreed in open court that the probable costs of administration, including the expense incurred in this suit, would be $200.00. As plaintiff's claim was for the sum of $154.55 and

these two items amount to more than the proceeds of the crops, we are of opinion that plaintiff was entitled to recover the full sum sued for, to be disbursed by him as administrator, giving preference to the claims for funeral expenses and expenses of administration.

The judgments of the trial court and of the Court of Civil Appeals are reversed and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court November 3, 1937.