**TATE v. O'MALLEY, Formerly Acting Collector of Internal Revenue.**

Civil Action No. 2366.

District Court, W. D. Pennsylvania.

Dec. 8, 1943.

Alter, Wright & Barron and G. K. Wright, all of Pittsburgh, Pa., for complainant.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen. and Andrew D. Sharpe and Rose M. Hand, Sp. Assts. to Atty. Gen., for respondents.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following findings of fact and conclusions of law:

### Findings of Fact

The facts stipulated on behalf of the parties to this action, filed April 20, 1943, are now referred to and adopted as findings of the facts therein set forth.

In addition thereto, the court further finds:

8. John M. Tate, Jr., was the husband of Ernestine Payne Tate at the time of her death.

9. John M. Tate, Jr., for three years prior to the death of Ernestine Payne Tate, was insolvent, in that all moneys or property received and held by him during that period were small sums allowed him by his wife which were used by him in payment of his personal expenses.

10. The claims for medical attendance to Ernestine Payne Tate were pursuant to agreement of the claimants with her and were not made in reliance upon John M. Tate, Jr., her husband, for payment.

11. Ernestine Payne Tate, by her Will, did not direct the payment of her funeral expenses and expenses of medical attendance upon her from her estate.

12. By the provisions of the will of Ernestine Payne Tate, her husband, John M. Tate, Jr., was bequeathed and received a sum greater than the amount of the said funeral expenses and cost of medical attendance upon Ernestine Payne Tate.

### Conclusions of Law

I. The complainant is entitled to judgment against the defendant.

II. In the calculation of the estate tax due the United States upon the estate of Ernestine Payne Tate, the bills for medical attendance and for funeral expenses were properly charged against her said estate, and were not payable by John M. Tate, Jr., her residuary legatee.

## Discussion

After the pleadings were filed, the parties have each agreed to a modification of the respective claims advanced by them. The defendant now admits that the claim for $428 for a monument was a proper deduction in the payment of the estate tax of the decedent, Ernestine Payne Tate, but still contends that the bills for medical attendance and funeral expenses were payable by the husband and not from the estate, and that therefore the complainant is entitled to a refund of only $49.35. The complainant, on the other hand, has admitted that a subscription of $150 to a church was not deductible, and claims a taxable refund of $200.65.

The contention of the complainant in respect to funeral expenses is fully supported by Mellor's Estate, 286 Pa. 149, 133 A. 29. In that case the Supreme Court of Pennsylvania held that the estate was liable for funeral expenses as against the contention of the Commonwealth that the husband, even though theretofore insolvent, was required to pay them because, as legatee of his deceased wife, he had received an amount sufficient to pay them.

No question exists as to the general rule that a husband is liable for the funeral expenses of and medical attendance upon his deceased wife. To that rule, as to practically every other rule, there are exceptions. When the husband is insolvent and the services have been rendered pur-. suant to agreement with and reliance upon the wife, such an exception exists.

The Act of July 12, 1923, and its amendments, 72 P.S.Pa. § 2302 et seq., define the clear value of the property subject to inheritance tax, and under it the funeral expenses, monuments and debts of decedent are deductible.

Judgment will be ordered in favor of the complainant in the amount of $200.65, with legal interest thereon from November 25, 1941. Let an order to that effect, as well as a certificate relieving the defendant collector of personal responsibility for the refund, be presented.