## Krewson Estate

*Elmer L. Menges,* for Anna Krewson, executor.

*Conrad G. Moffett,* for J. Carrell Krewson, executor and claimant.

TAXIS, P. J., March 10, 1958.—The first and final account of Anna Krewson and J. Carrell Krewson, executors, was examined and audited by the court on January 31, 1958 . . .

One other matter is presented for determination, and that is the question of whether the bill for funeral expenses of decedent in the sum of $577, paid by the

son, the said J. Carrell Krewson in accordance with the direction of the will, is allowable as a debt and deduction for inheritance tax purposes. Item 5 of the will gives a life estate to the widow in 108 Krewson Terrace, Willow Grove, and then provides: "Upon the death or remarriage of my said wife, I give, devise and bequeath the said premises 108 Krewson Terrace, Willow Grove, Montgomery County, Pennsylvania, unto my son, J. Carrell Krewson, his heirs and assigns forever. I direct that my son, J. Carrell Krewson, shall pay all of my funeral expenses, together with all estate, transfer and inheritance taxes both State and Federal upon any and all gifts in this my Last Will and Testament."

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, 72 PS §2301, sec. 2, as amended, reads in part as follows:

". . . the only deduction to be allowed from the gross values of such estates by the Register of Wills shall be the debts of the decedent, reasonable and customary funeral expenses, [others] . . ."

In Christensen Estate, 11 D. & C. 2d 485, Judge Hunter of the Philadelphia Orphans' Court decided that the fair amount of a reasonable funeral bill is deductible for inheritance tax purposes regardless of partial reimbursement for funeral expenses by the social security death benefit payment. In the course of the opinion, he referred to Mellor's Estate, 286 Pa. 149, where the Supreme Court allowed a deduction of the funeral expenses of a deceased married woman although decedent's surviving husband was primarily liable for this obligation. At page 152, the Supreme Court said:

". . . the Legislature in determining what deductions it would allow before assessing the tax said in explicit terms that the allowance should be made for

'reasonable and customary funeral expenses' and placed no other limitation thereon."

Applying the same reasoning to the present case, it follows that a deduction for reasonable and customary funeral expenses should be allowed, regardless of payment of these expenses by decedent's son pursuant to the condition in the will attached to his devise in remainder. Accordingly a deduction for the full amount of the funeral expenses totaling $577 is hereby allowed. . . .

And now, March 10, 1958, this adjudication is confirmed nisi.