## Hampton Estate (No. 2)

*M. Paul Smith*, for accountant.

*Daniel L. Quinlan*, for Commonwealth.

TAXIS, P. J., May 9, 1959.—The transfer inheritance tax certificate raises a question to be adjudicated. The inheritance tax certificate provides ". . . that the tax assessed has been paid providing the funeral bill of $988.26 is allowable as a deduction, not having been taken in the account."

The petition for adjudication indicates that in the tax return a deduction of $988.26 was taken as an allowable deduction in computing the clear value of decedent's estate, but in the account as filed the executor did not take credit for such payment for the reason that, under a trust created by decedent's husband and audited in this court on September 30, 1958, the residuary trust principal was expended in payment of this funeral bill on behalf of the widow and a tax at the rate of two percent was collected by the Commonwealth. See Hampton Estate, 16 D. & C. 2d 761.

The Commonwealth now contends that since this estate did not pay the funeral expenses, it is not properly allowable as a deduction and that there thus remains a tax due the Commonwealth of two percent on the amount of the funeral bill. Mellor's Estate, 286 Pa. 149 clearly rules to the contrary. It held on page 152 that ". . . the legislature in determining what deductions it would allow before assessing the tax said in explicit terms that allowance should be made for 'reasonable and customary funeral expenses' and placed no other limitation thereon. We think this plain language negatives the idea that the deduction was to be made only in the event that the husband is unable to pay."

I rule, therefore, that the funeral bill in these circumstances was properly allowed as a deduction and that the inheritance tax has been paid.