Kershaw Estate.

Argued April 11, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. Keitel,* Deputy Attorney General, with him *James H. Duff,* Attorney General, and *Paul P. Wisler,* for Commonwealth, appellant.

*John Ross,* with him *Edward B. Hodge, Jr., Victor J. Roberts, Norris, Lex, Hart & Eldredge* and *High, Dettra & Swartz,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 21, 1945:

In computing the clear value of a decedent's estate for inheritance tax purposes, may the estate deduct one

half of the amount of a bond and mortgage covering a property which had been owned by the decedent and his wife as tenants by the entireties and had passed to her by survivorship? We answer this question, as did the court below, in the affirmative.

Decedent and his wife executed a bond on which they were jointly and severally liable, secured by a mortgage on a property the title of which was in their joint names. Upon decedent's death the wife became the sole owner by survivorship; at that time the balance due on the bonded indebtedness was $9,440.60. Subsequently the widow sold the property under and subject to the mortgage.

The Register of Wills of Montgomery County rejected the claim of the estate that, in assessing the inheritance tax, the indebtedness on the bond should be deducted from the gross assets. On appeal, the Orphans' Court allowed a deduction of one half, to wit, $4,720.30; the present appeal is by the Commonwealth from that allowance.

It is wholly immaterial that the mortgaged property, passing to the wife as surviving tenant by the entireties, did not constitute one of the assets of decedent's estate. The controlling fact is that he, together with his wife, was personally liable on the bond; that liability continued after his death and therefore constituted a debt of his estate: *Black's Estate*, 341 Pa. 264, 272, 19 A.2d 130, 134. The Act of June 20, 1919, P. L. 521, section 2, as amended, provides that "All taxes imposed by this act shall be imposed upon the clear value of the property subject to the tax. . . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent, reasonable and customary funeral expenses, . . ." etc. If the collateral securing a debt for which a deduction is claimed is owned by the decedent, it is, of course, included in the appraisement of the gross

assets; if for any reason, as in the present case, it is not so owned and therefore not so included, this does not affect the deductibility of the debt in computing the clear value of the property subject to the tax, for the debt, no matter how secured, is nonetheless a debt, and, as such, falls within the express wording of the act.

The present estate, so far as the record reveals ,is solvent, and the mortgagee has the unqualified right to present a claim against it on the bond; the situation neither calls for nor permits of any application of the doctrine of marshalling of assets. Whether the mortgagee will exercise such right, or will ultimately seek satisfaction from the mortgaged property or from the widow as co-obligor on the bond, is something for the future to disclose; the Commonwealth could have suspended the assessment of the tax until the audit of the executrix's account and distribution thereunder, when it would become known whether a claim on the bond would be made against the estate or be barred by the failure to present it at the proper time.

The order of the court below was correct in limiting the deduction to one half of the debt. Prima facie the payment of an indebtedness by one of two or more joint obligors is for the benefit of all, and the one making the payment is therefore entitled to contribution from the others. Hence, if collection on this bond were made from the estate, a right of contribution would automatically arise against the widow; if collection were made from the widow, she would have a similar right of contribution against the estate; therefore the ultimate liability of the estate is only for one half of the indebtedness. Or, viewing it from another angle, the right of the estate to enforce contribution may be regarded as a taxable asset which offsets, to the extent of one-half, the full deduction to which the estate would otherwise be entitled.

By the Act of June 24, 1939, P. L. 721, the Act of 1919 was amended by providing that "no deductions shall

208

be allowed for any debts of the decedent of which notice is not given to the executor, administrator, or the register of wills within one year of the date of the death of the decedent". This provision, however, was eliminated by the later amendment of May 27, 1943, P. L. 757;* consequently the admitted failure of the mortgagee to give notice, within the year, of an intention to proceed on the bond against this decedent's estate does not affect the question under consideration.

Order affirmed; costs to be paid by appellant.

---

* In still another amendatory act, that of June 4, 1943, P. L. 868, this same provision was again included, but apparently only by mistake and not with the intention of reinserting it, for it is neither italicized in the body of the amendment nor referred to in the title.