444

## Wonders' Estate

*Paul P. Wisler*, for Commonwealth, exceptant.

*Federico F. Mauck*, of *Wright, Mauck & Hawes*, and *Stradley, Ronon, Stevens & Young*, contra.

HOLLAND, P. J., February 6, 1946.—The Commonwealth of Pennsylvania filed two exceptions to be considered together as they raise an objection to the auditing judge having allowed as a deduction for inheritance tax purposes one half of the amount due on a joint bond accompanying a mortgage in which decedent and his surviving wife were the joint obligors.

The Commonwealth in its brief contends that Kershaw Estate, 352 Pa. 205 (1945), does not apply. The contention is that the Kershaw Estate case only applies where the question arises before it is known exactly what the amount that the estate will pay or what part of the joint obligation will be claimed against the estate. It is argued in this case that inasmuch as it is

known that the total amount that could be collected from the estate is a deficiency which was shown after realizing on the security of the real estate, that would be the maximum amount collectible against this estate, and, therefore, the maximum amount allowable as a deduction. The argument, however, carries Kershaw Estate further and suggests that inasmuch as they could recoup one half of this deficiency from the widow, that only one half of the deficiency should be allowed as a deduction.

We are of the opinion that we can consistently concede that Kershaw Estate does not apply and yet that Rex's Estate, 46 D. & C. (1942), cited by the auditing judge and relied upon for his conclusion in the adjudication, controls this case. The fact is, as pointed out by the Commonwealth in its brief, the entire amount due upon the bond and mortgage was paid out of this estate and credit taken for the same in the account. Therefore, from any point of view, in the consideration of this case, a calculation of a proper deduction for inheritance tax purposes is purely theoretical, but nonetheless real under the inheritance tax law. The estate, having paid the entire joint obligation of decedent and his wife, certainly has a right to contribution from the wife and whether she would pay the contribution due from her to the estate from cash in her pocketbook, by a check on her banking account or out of the proceeds of the sale of the real estate upon which the mortgage was a lien and which she obtained by survivorship, or regardless of from what source she paid it, it makes no difference whatsoever in her liability for the contribution to this estate. Conversely, if the mortgagee realized a part of his obligation out of the foreclosure of the real estate or by receiving the proceeds of the sale, which she herself made, and collected the deficiency out of this estate, she would be entitled to be reimbursed by way of contribution from the estate to her, and the difference between one half of

the total obligation and the deficiency paid by the estate would represent the part of the one half of the total obligation for which the estate was liable but which had been taken out of her money or property. Regardless of how it is calculated, each joint obligor is liable ultimately for only one half of the obligation and whichever pays less than his or her half is ultimately liable to the other by way of contribution. In every such case, therefore, it appears to us that the deduction that the decedent's estate is ultimately entitled to, is one half of the total joint obligation, no more and no less. We cannot find that the auditing judge committed error in his conclusion.

And now, February 6, 1946, the two exceptions to the adjudication are dismissed and the adjudication is confirmed absolutely.