## Mayer Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Alphonsus R. Romeika*, for exceptants.

*William D. Harkins*, contra.

LEFEVER, J., October 31, 1952.—The issue before ·the court is whether on the death of a husband his personal estate or the mortgaged property held by him and his wife, as tenants by the entireties, is the primary asset for the payment of his share of the joint obligation of the husband and wife on the mortgage and accompanying bond.

Eugene Gruber made a claim against decendent's estate for $4,000, one half of the balance due on two mortgages secured upon premises 4710-12 A Street, Philadelphia, Pa. The first mortgage, dated December 10, 1942, in the amount of $3,500, had been reduced by payments on account to $2,000. The second mortgage, dated June 4, 1951, was in the amount of $6,000. Both mortgages and accompanying bonds were exec-

uted jointly by decedent, Eugene Mayer, and his wife, Hedwig Mayer, who held title to the property as tenants by the entireties.

Decedent died intestate on June 19, 1951, leaving to survive him his wife, Hedwig Mayer, and two children by a former marriage, Elizabeth Marie Mayer and Charles Eugene Mayer. The children urge that claimant should be relegated solely to the real estate for the payment of his claim on the bond, and that the balance of decedent's personal property should be distributed among them and the widow, free thereof.

The existence and validity of the mortgages are not denied. The only question presented at the audit was whether the doctrine of marshalling should be applied. The learned auditing judge properly ruled:

"While it is contended that the assets of the decedent should be marshalled in this matter, counsel for the objectants has not demonstrated to the court that the facts of this case are such as to require a marshalling of assets. The mortgagee is prima facie entitled to be paid from the personal estate: Dowler Estate, 368 Pa. 519; Kershaw Estate, 352 Pa. 205. Anyone contending otherwise has the burden of proving to the court the validity of his objection. Objectants have failed to do so."

Exceptants relied upon Jeffrey's Estate, 34 D. & C. 186 (1938), for the proposition that the doctrine of marshalling should be applied and claimant should be required to look to the real estate for the collection of his claim. That case does not go as far as exceptants contend, although there is some language which would support them.

In any event, we agree with the auditing judge that the Supreme Court has determined the matter. In Dowler Estate, supra, which, as in the instant case, was a contest between the surviving spouse and chil-

dren of a former marriage, the court, per Mr. Justice Ladner, stated at page 521, et seq.:

"The case here is ruled in principle by Kershaw Estate, 352 Pa. 205, 42 A. 2d, 538 (1945), where, as here, the decedent and his spouse had executed jointly a bond and mortgage on property held by them by entirety, and it was held that one-half of the mortgage and bond was a *deductible debt* in computing the inheritance tax because to that extent the joint obligation was a debt of the estate of the deceased spouse. In so ruling, Mr. Justice Horace Stern cogently said, (p. 206) : 'It is wholly immaterial that the mortgaged property, passing to the wife as surviving tenant by the entireties, did not constitute one of the assets of decedent's estate. The controlling fact is that he, together with his wife, was personally liable on the bond; that liability continued after his death and therefore constituted a debt of his estate. . . .'

"What Mr. Justice Horace Stern said was . . . the controlling principle upon which the case turned, and it is a matter of no moment that the question arose in an appeal from an inheritance tax appraisement rather than upon a claim against the estate. The same conclusion has been reached in other jurisdictions: see Cunningham v. Cunningham, 158 Md. 372, 148 A. 444 (1930) and Nobile v. Bartletta, 109 N. J. Eq. 119, 156 A. 483 (1931) . . ."

These decisions of the Supreme Court are directly in point and conclusive of this issue. Moreover, the doctrine of marshalling applies where there are secured creditors and unsecured creditors in an insolvent estate. The doctrine does not apply between creditors and heirs. In the instant case, the children of decedent are the ones who are requesting the application of the doctrine. Accordingly, we conclude that the auditing judge properly awarded the balance of the estate on account of the mortgage claim of Eugene Gruber.

We are fortified in this conclusion by the fact that $3,031.77, the major portion of this estate, was a part of the consideration for the second mortgage in the amount of $6,000, which was placed on the property in question two weeks prior to decedent's death. Consequently, it is fair and just that the balance of the estate, which is less than $2,000, should go to the relief of this property, which is now owned by the widow.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.