## Kritz Estate.

Argued November 15, 1956. Before STERN, C. J., JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

224

*Ralph S. Snyder,* Deputy Attorney General, with him *Irvin Stander,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for appellant.

*H. Ober Hess,* with him *Bruce L. Castor,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, December 29, 1956:

Under the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, may a debt of the decedent be deducted in computing the tax even if it is not collectible from the testamentary estate nor enforceable against the property taxed? In our opinion the court below was correct in answering this question in the affirmative.

Florence S. Kritz, the decedent, died October 30, 1953. During her lifetime she had owned, together with her husband as tenants by the entireties, a property on Tyson Street, Philadelphia, subject to a mortgage on which, at the time of her death, there was an unpaid balance due of $1,027.32. Decedent had also owned, together with her sister, Grace L. McMullin, as joint tenants with the right of survivorship, certain real estate in Montgomery County. She left no assets subject to administration.

Under the Transfer Inheritance Tax Act, the **Tyson Street** property was not taxable, but the real estate in Montgomery County was taxable under Article I, §1(e), of the Act, as amended, which provides that "Whenever any property, real or personal, is held in the joint names of two or more persons, except as husband and wife, . . . so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer, taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant." Accordingly, the Montgomery County real estate being appraised for inheritance tax purposes at $16,000, one-half thereof, or $8,000, was taxable to decedent's sister. From that amount she claimed to deduct one-half, or $538.98, of the principal and interest due on the Tyson Street mortgage,* decedent and her husband having been co-obligors on the mortgage bond. The sister, of course, was under no obligation to pay that debt; it was in fact paid by decedent's husband.

Article I, §2, of the Act, as amended, provides that all the taxes under it should be imposed "upon the clear value of the property subject to the tax," and that "In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates by the register of wills shall be the debts of the decedent," and certain other prescribed items. The Commonwealth, appellant herein, contends that

---

* The sister claimed also certain other deductions which were subsequently adjusted and are not involved in the present appeal.

"the clear value of the property" jointly owned by decedent with her sister should be held to be no less than its gross or appraised value because it was not subject to the claims of creditors or the expenses of administration, and that, in general, a decedent's debt should not be deductible unless there was testamentary property from which payment could be enforced. Accordingly the Commonwealth appeals from the court's allowance to the sister of the deduction of the one-half of the mortgage debt.

We are unable to agree with appellant's contention because the Act is wholly clear and unambiguous in its provision that, in ascertaining the clear value of the estate, there should be allowed a deduction from the gross value thereof of "the debts of the decedent." What the Commonwealth would have the court do would be to add to this provision the words "excluding, however, debts for which the property subjected to tax is not liable for payment and also debts which the testamentary assets are insufficient to pay." Decedent's liability on the bond accompanying the mortgage on the Tyson Street property was clearly a "debt of the decedent"; had there been assets in the testamentary estate it would have been payable therefrom and clearly deductible; the fact that there were no assets there to meet it does not make it any the less a debt of the decedent. It was held in *Mellor's Estate,* 286 Pa. 149, 133 A. 29, that the funeral expenses of a deceased married woman who left a surviving husband were deductible, under the express language of the Act, in calculating the clear value of her estate for transfer inheritance tax purposes, even though the husband was primarily liable for such expenses. The court said that there could not be read into the Act an added limitation that the deduction was to be made only in the event that the husband was unable to pay.

The mandate of the Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, §51, is that "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." As far as the question here involved is concerned the Transfer Inheritance Tax Act contains neither a patent nor a latent ambiguity; rules of statutory construction are to be resorted to only where there *is* such ambiguity; they are not to be used to create doubt but only to remove it. It was held in *Cochrane's Estate,* 342 Pa. 108, 20 A. 2d 305, that the Transfer Inheritance Tax Act contemplates a single appraisement of all the taxable assets of the decedent's estate, including the fractional portion of any jointly held property which passes by survivorship; from that total appraisement are then to be deducted the debts of the decedent and the other allowances prescribed in the statute; the tax is then assessed upon the net estate, the personal representative of the decedent being liable only for the tax chargeable on the assets passing through his hands while, for the tax on the other assets of the estate, the Commonwealth is required to look to the individuals receiving the property.

It was said in *Commissioner of Internal Revenue v. Hallock,* 102 F. 2d 1, 5, in dealing with this same problem under the Federal Revenue Act, ". . . the Congress may have been impelled as a matter of abstract justice to allow the individual beneficiary who is called on to pay the tax to take deductions which may not be basically logical. . . . The Commissioner contends in effect that Section 303(a) should have read into it a proviso limiting the deductions to claims which are actually possible of payment from the assets of the estate. This would make the section in substance provide that only

228

deductions should be permitted for claims against the estate which constitute legally enforceable demands and which are actually payable from its assets. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. . . . It is the province of the courts to construe, not to make laws. . . . The Congress by a simple phrase could have limited deductions from gross estates by excluding such portions as passed unburdened of claims under the laws of the state of domicile. It did not elect to do so, therefore all claims allowable against it by the laws of the jurisdiction where being administered are deductible in determining the net estate." To the same effect are several other federal cases, notably, *Commissioner of Internal Revenue v. Strauss*, 77 F. 2d 401; *Commissioner of Internal Revenue v. Windrow*, 89 F. 2d 69; *Helvering v. Northwestern National Bank & Trust Company of Minneapolis*, 89 F. 2d 553; *Commissioner of Internal Revenue v. Lyne*, 90 F. 2d 745; *Helvering, Commissioner of Internal Revenue v. O'Donnell*, 94 F. 2d 852. It is important to note that it took an express amendment in the Federal Revenue Act of 1942 to effect the change which the Commonwealth would now have the court make in our own Act by judicial construction.

The decision in *Kershaw Estate*, 352 Pa. 205, 42 A. 2d 538, on somewhat analogous facts, was clearly in line with the present holding. There the decedent and his wife executed a bond on which they were jointly and severally liable, secured by a mortgage on a property the title of which was in their joint names. Upon decedent's death the wife became the sole owner by survivorship; at that time there was a balance due on the bonded indebtedness of $9,440.60. Subsequently the widow sold the property under and subject to the

mortgage. In assessing the inheritance tax the Orphans' Court allowed a deduction from the gross assets of $4,720.30, being one-half of the indebtedness on the bond. This court said (pp. 206, 207, A. pp. 538, 539): "It is wholly immaterial that the mortgaged property, passing to the wife as surviving tenant by the entireties, did not constitute one of the assets of decedent's estate. The controlling fact is that he, together with his wife, was personally liable on the bond; that liability continued after his death and therefore constituted a debt of his estate: . . . If the collateral securing a debt for which a deduction is claimed is owned by the decedent, it is, of course, included in the appraisement of the gross assets; if for any reason, as in the present case, it is not so owned and therefore not so included, this does not affect the deductibility of the debt in computing the clear value of the property subject to the tax, for the debt, no matter how secured is nonetheless a debt, and, as such, falls within the express wording of the act."

The Commonwealth argues that, since the tax imposed by the Transfer Inheritance Tax Act is imposed upon "the clear value of the property subject to the tax," this refers to the property accrued to the decedent's sister, and that the word "property" as thus used should be distinguished from the word "estates" as later used in the Act in defining the deductions to be allowed in ascertaining "the clear value of such estates." This argument, however, overlooks the fact that by Article V, §45, of the Act, it is provided that "The words 'estate' and 'property,' wherever used in this act, except where the subject or context is repugnant to such construction, shall be construed to mean the interest of the testator, intestate, . . . passing or transferred to the individual or specific legatee, . . . heir,

next of kin, . . . not exempt under the provisions of this act, . . . ." Certainly the subject or context is *not* repugnant to the construction of these words as identical in meaning. Indeed the term "such estates" can refer only to "the property subject to the tax," there being no other antecedent to which it could apply.

Finally, the Commonwealth gives voice to dire prophesies of the practical difficulties and confusion that may possibly result if deductions were allowed from non-probate property not subject to the payment of the decedent's debts, in which event the beneficiaries of testamentary estates whose shares were liable for the payment of the debts might have to share tax deductions with those acquiring non-probate property which was not liable for the debts. However, this argument, whatever its merit, must be addressed to the legislature, not to the courts.

Decree affirmed.

Mr. Justice JONES and Mr. Justice CHIDSEY dissent.