## Christensen Estate

*Frank Rogers Donahue*, for accountant.

*Irvin Stander* and *Harry W. Kurtzman* for Commonwealth.

HUNTER, J., February 15, 1957.—Oscar G. Christensen died July 10, 1955, leaving a will duly admitted to probate, of which he appointed the accountant executor. Letters testamentary were granted to the accountant by the register of wills on August 11, 1955. Testator was unmarried at the time of his death, his wife, Olga L. Christensen, having predeceased on April 9, 1955.

Proof of advertisement of notice of the grant of letters to the accountant was submitted and will be found annexed.

By the terms of his will testator gave his entire estate to Linda Mueller, his sister-in-law.

Payment on July 9, 1956, of $895.21 transfer inheritance tax, for which credit is claimed in the account, was duly vouched.

According to the account, decedent's gross estate consisted of personalty of the value of $1,583.60 and premises 322 North Marshall Street, Philadelphia, of the value of $6,000. Expenses of administration amount to $615.52, and the funeral expenses are $648.43.

One of the items in decedent's estate is entitled, "Old-Age and Survivors Social Security—$203.10." This is the lump-sum insurance payment which the estate received from the Social Security Administration by reason of having paid decedent's funeral expenses.

Linda Mueller, the devisee under decedent's will, contends that the lump-sum insurance payment is not subject to transfer inheritance tax and should be excluded from the tax computation. The Commonwealth does not claim that it is an asset of the estate upon which inheritance tax may be imposed. It contends that since the sole purpose of the payment was to reimburse the estate for decedent's funeral expenses, only the balance of such expenses may be allowed as a deduction for tax purposes in ascertaining the clear value of the estate. It appears that such is the established practice in the tax department in computing transfer inheritance tax.

If the item is excluded for tax purposes, decedent's gross estate would be reduced from $7,583:60 to $7,380.60, and after allowing as deductions $615.52, expenses of administration, and funeral expenses of $648.43, the clear value would be $6,116.55. On the other hand, if the funeral expenses are diminished by the lump-sum payment, the clear value would be $6,319.65 and the lump-sum insurance would be taxed indirectly just as effectively as if it were an asset of decedent's gross estate for tax purposes.

The lump-sum insurance was received by the executor pursuant to the following provision of the Social

Security Act of August 14, 1935, c. 531 sec. 202, 49 Stat. 623, as amended, 42 U.S.C. §402(*i*) :

"Upon the death, after August 5, 1950, of an individual who died a fully or currently insured individual, an amount equal to three times such individual's primary insurance amount, or an amount equal to $255., whichever shall be the smaller, shall be paid in a lump sum . . . to any person or persons, equitably entitled thereto, to the extent and in the proportions that he or they shall have paid the expenses of burial of such insured individual."

Having paid the expenses of decedent's burial out of other money in the estate, the executor was the person equitably entitled to the lump-sum payment under the Social Security Act, and payment accordingly was made to him.

The Pennsylvania Transfer Inheritance Tax Act provides that the tax shall be imposed upon the "clear value" of property subject to the tax, and that in ascertaining clear value certain specified items, one of which is the "reasonable and customary funeral expenses" of decedent, shall be allowed as deductions from the gross value before assessing the tax: Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, 72 PS §2303, as amended.

The reasonableness of the funeral expenses in decedent's estate is not in dispute. Neither does the Commonwealth claim that the lump-sum insurance payment is an asset upon which inheritance tax may be imposed. The narrow question, therefore, is whether the register, in assessing the tax, has the right to deduct the lump-sum benefit from decedent's funeral expenses and allow only the balance remaining as an inheritance tax deduction.

The Commonwealth cites Southard's Estate, 16 D. & C. 751, as authority for this practice. I find no

such authority in the opinion in that estate. The only question propounded in that estate was whether certain real estate representing the invested surplus of compensation paid to the guardian of decedent, a disabled war veteran, was subject to transfer inheritance tax, and this court (Stearne, J., later Justice Stearne) held that the property was taxable since the tax exemption allowed in the Act of Congress did not extend to such funds in the estate of the deceased war veteran. It appears, however, that it was the practice of the register at that time, in ascertaining the clear value of the estate, to deduct from the funeral expenses payments which the estate received on account of decedent's burial, but the right of the register to do so was not disputed, and I find nothing in the opinion which gives the practice judicial sanction. Certainly no such authority is to be found in the inheritance tax statute.

The inheritance tax act expressly provides that decedent's funeral expenses shall be allowed as a deduction from the gross value in ascertaining the clear value, and the only statutory limitation placed upon such expenses is that they be reasonable and customary. Decedent's funeral expenses were paid out of his estate by the executor in discharge of a primary liability, and it is immaterial whether the executor paid these expenses out of money in decedent's possession or funds which came into the executor's hands by reason of decedent's death. The statute makes no such distinction.

The Commonwealth argues that the lump-sum insurance constitutes reimbursement of decedent's funeral expenses and that the deduction allowed by the statute should be limited to the economic detriment suffered by the estate. The statute does not require that the estate must suffer an economic detriment before being allowed the deductions therein prescribed.

The legislature in explicit language provided that such allowances should be made.

In Mellor's Estate, 286 Pa. 149, the court held that the funeral expenses of a deceased married woman, whose surviving husband was primarily liable for payment, were deductible under the express language of the statute in calculating the clear value of her estate for tax purposes. It was held that the act in express terms so provides, and the court refused to limit deductibility to such expenditures as the wife's estate was primarily liable for, holding that the legislature in determining what deductions it would allow said in explicit terms that allowance should be made for "reasonable and customary funeral expenses" and placed no other limitation thereon. The court said: "We think this plain language negatives the idea that the deduction was to be made only in the event that the husband is unable to pay." In other words it is not necessary that the estate suffer an economic detriment.

In Kershaw Estate, 352 Pa. 205, the court allowed as a deduction one-half of a debt arising from a mortgage on non-probate real estate. Here the court said: "It is wholly immaterial that the mortgaged property, passing to the wife as surviving tenant by the entireties, did not constitute one of the assets of decedent's estate." Such fact, the court said, "does not affect the deductibility of the debt in computing the clear value of the property subject to the tax, for the debt, no matter how secured, is nonetheless a debt, and, as such, falls within the express wording of the act."

In Kritz Estate, 387 Pa. 223, the court, in determining the clear value of *non-probate* property, allowed as a deduction one-half of a debt arising from a mortgage on real estate which decedent and her husband owned as tenants by the entireties. In this estate there was no estate which could possibly suffer an economic

detriment, and the mortgage debt, in fact, was paid by decedent's husband. Again the court reiterated, "the Act is wholly clear and unambiguous in its provision that, in ascertaining the clear value of the estate, there should be allowed a deduction from the gross value thereof of 'the debts of the decedent.'"

Continuing, the court said: "Decedent's liability on the bond accompanying the mortgage on the Tyson Street property was clearly a 'debt of the decedent'; had there been assets in the testamentary estate it would have been payable therefrom and clearly deductible; the fact that there were no assets there to meet it does not make it any the less a debt of the decedent."

So with decedent's funeral expenses, the legislature in clear and unambiguous language provided that such expenses should be allowed as a deduction in ascertaining the clear value of the estate. There is no provision in the statute that the benefit of the deduction should be lost if the estate receives payments on account of decedent's burial.

It is not within the province of the register to deviate from the language of the statute and give it what might be deemed a more logical application. As was said in Commissioner v. Hallock, 102 F. 2d 1, 5: "'the Congress may have been impelled as a matter of abstract justice to allow the individual beneficiary who is called on to pay the tax to take deductions which may not be basically logical. . . .'"

"The mandate of the Statutory Construction Act . . . is that 'When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit'": Kritz Estate, supra.

I conclude that the register, in ascertaining clear value, has no statutory authority to reduce reasonable and customary funeral expenses paid by the es-

tate and claimed as an inheritance tax deduction, and I accordingly allow decedent's funeral expenses of $648.43 in full as a deduction in ascertaining the clear value of his estate.

The account shows no balance of personal estate for distribution.

The account shows real estate of the value of $6,000 composed of premises no. 322 North Marshall Street, Philadelphia, which are awarded to Linda Mueller, her heirs and assigns.

Leave is hereby granted to the accountant to make all necessary transfers and assignments.

Accountant will file a schedule of distribution, in duplicate, the real estate to be described therein and certified by counsel in accordance with rule *72, and when approved by me, the schedule will be annexed and made part hereof.

And now, February 15, 1957, the account is confirmed nisi.