GREEN, ESTATE OF, IN RE.

Probate Court, Ashtabula County.

No. 40128. Decided September 17, 1959.

Perry, J. This was a hearing on exceptions to a determination of the inheritance tax in which a half interest in decedent's real estate was valued at $15,000.00 in Schedule A

but in which the Executor claimed as a debt the full amount of the note and mortgage, to-wit: $15,604.32.

The Department of Taxation contends that if only one-half of the value of the real estate is appraised as an asset then the estate is entitled to deduct only one-half of the note and mortgage as a debt. To put it another way: If the Executor will list as an asset one-half of the note for contribution to the estate from the surviving co-maker—who is the widow—then the Department of Taxation will allow the full amount of the note secured by the mortgage to be deducted as a debt. As authority for this position the Department cites *In re: Estate of Schaef*, 78 Ohio Law Abs., 167 and *In re: Kershaw's Estate*, 352 Pa., 205 (42 A. [2nd], 538), and the *Tow case* No. 524,610 decided by the Probate Court of Cuyahoga County in 1957.

The argument of the Executor is that the right of contribution does not arise or accrue between co-makers of a note until one of them has paid more than his proportionate share—and that the decedent was individually liable to the holder of the note for the full amount of the note when he died. That is, the Peoples Building and Loan Co. had the right to collect the entire debt from the decedent alone or to collect from the wife the full amount of the note, or to collect one-half ($\frac{1}{2}$) of the indebtedness from the estate of the husband and one-half ($\frac{1}{2}$) of the indebtedness from the widow. In other words, it was a joint and several debt.

The Executor contends that the tax is determined as of the date of death of the husband, to-wit: February 4, 1959; that at that date nothing had been paid on the note; that the entire amount of the note was a debt against the decedent; that the right of contribution has not yet accrued and will not arise until the note has been paid by the estate and therefore the Executor should not, at this time, list this right of contribution as an asset of the estate.

This appears to be good logic and exceptionally keen reasoning but the net result of such thinking I am sure would make peculiar law. Suppose for example a husband had $45,000.00 worth of property in his own name alone and in addition to this he and his wife owned $100,000.00 worth of real estate as tenants in common. There was a note and mortgage of $95,-000.00 against the real estate, and no other debts.

Now suppose the executor had the right to list as assets, only one-half (½) the market value of the real estate, to-wit, $50,000.00 in addition to the $45,000.00 that the decedent also owned alone and then he had the right to deduct the full amount of the mortgage, $95,000.00. We would then be in the peculiar position of having the total assets listed as $95,000.00 and the debts as being $95,000.00. The widow in such a case could retain her own one-half of the mortgaged real estate free and clear and at the same time pay no inheritance tax, which appears to be a good method to beat the State of Ohio out of a tax.

It has always been the practice here in this Court to list only a half interest of the decedent as assets and allow only one-half of the note and mortgage as a debt. The original determination to the contrary by this Court was inadvertently done and was obviously a mistake. The Court consequently wishes to correct the error and finds the exceptions to the original determination to be well taken and sustains the same. Exceptions of the executor are noted and Appeal Bond is fixed at One Hundred Dollars.