## Bossert Estate

The facts appear from the following excerpt from the adjudication of

TAXIS, P. J., July 22, 1960.— . . . Decedent died on January 25, 1959, leaving a will dated July 31, 1950. After directing that all of his just debts and funeral expenses be paid, his will provided as follows:

"SECOND: All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, of which I may die seized and possessed or to which I may be entitled at my decease, I give, devise and bequeath in equal shares, to my children, Russell B. Bossert, Jr., Stanley B. Bossert, Harry E. Bossert and Georgine H. Lineberger, to their own use and benefit, absolutely."

All of these children survived decedent, and are sui juris.

Following the execution of this will, decedent was married on March 2, 1957, to Elizabeth Bossert, his surviving spouse. Counsel for both accountant and the surviving spouse agree that the effect of the marriage is to give Elizabeth Bossert a one-third interest in the net distributable estate.

Prior to his marriage, decedent was the owner of real estate at 31 East Second Street, in the Borough of Lansdale. On January 23, 1957, he executed a bond and mortgage covering this property to the First Federal Savings and Loan Association of Lansdale in the amount of $5,400 which was duly recorded. The term of this mortgage is 15 years, and monthly payments are $45.57. On March 22, 1957, shortly after his marriage, decedent and his wife executed a deed of the said premises to Russell B. Bossert and Elizabeth B. Bossert, his wife, as tenants by the entireties. The deed recited that the premises were conveyed "under and subject to the balance due on mortgage of $5400 held by First Federal Savings and Loan Association

of Lansdale." At decedent's death, the balance due on said mortgage was $4,906.54.

The inventory and appraisement in this estate is in the gross amount of $4,682.73. The real estate, being owned by the entireties, is not included. For purposes of defining the issues in this matter, a tentative statement of debts and deductions was prepared by counsel for the accountant which amounts to $2,370.96, exclusive of the balance on the aforesaid mortgage. Adding the additional credits allowed in this adjudication in the amount of $368, and deducting the total of these from the gross amount of the inventory and appraisement, shows a net distributable estate of some $1,-943.77, of which amount one third would go to Elizabeth Bossert and two thirds to decedent's surviving children.

On December 22, 1959, Elizabeth Bossert filed two objections to the first and final account of Russell B. Bossert, Jr., executor. Objection no. 2 complains that the executor has failed to pay the family exemption, although taking credit for the same on the tentative statement of debts and deductions. At audit, counsel agreed that this objection should be and is hereby sustained.

Objection no. 1 complains that the executor has failed to show payment of the mortgage balance as above set out, and further objects to the payment of other debts of decedent before liquidating the mortgage, inasmuch as the said mortgage is a preferred debt.

The claim that the mortgage is a preferred debt is without merit and can be disposed of directly. Section 622 of the Fiduciaries Act of April 18, 1949, gives preference to the costs of administration, family exemption, funeral expenses, costs and expenses relating to last illness, wages, the cost of a grave marker and

rents owed by decedent for a personal residence, in that order, and relegates all other claims, including claims by the Commonwealth, to a pro rata sharing in the balance available for their payment. The fact that this mortgage debt is a preferred claim against the real estate on which it is a lien cannot bring it within any of these preferences and as to the estate of decedent, it is simply an ordinary debt.

With regard to the contention that the First Federal Savings and Loan Association of Lansdale is a general creditor of this estate and that, in effect, the entire net distributable estate should be applied to its debt, the solution is not so simple. There is no doubt that the mortgage balance is a debt of decedent. The test to be applied is simply whether or not decedent is personally liable for the obligation. The answer to this determines the matter, and it is of no importance that other persons may be jointly liable with decedent. In Rex's Estate, 46 D. & C. 443, 445, this court, speaking through President Judge Holland, said:

"The one and only way to find the correct answer is by looking at the alleged debt and by determining whether or not it actually is a *debt* of the decedent."

Nor does it matter whether there are assets to pay the debt, or if the obligation is or is not secured in some way: Kritz Estate, 387 Pa. 223.

Counsel for the accountant argues that the failure by the mortgagee to present a claim against the estate at audit bars the same under section 616 of the Fiduciaries Act of April 18, 1949. The case, however, cannot be disposed of on this theory, because it is not the purpose of section 616 to allow a secured creditor to determine the order of distribution of the assets of an estate, which would occur here if this contention were upheld; section 616 merely permits an orderly disposition and distribution of estate assets with due regard to the rights of both creditors and heirs. From

the practical standpoint, the executor had ample notice of this claim, and, hence, the basic purpose of section 616 has been fulfilled.

The finding that the estate is prima facie liable for the mortgage debt leads to the question of whether, once assuming such liability, the estate is entitled to any contribution or indemnification from the surviving tenant by the entireties. Without ascertainable exception, whenever the courts of Pennsylvania have passed on this general question, a decedent's estate was found entitled to contribution from the surviving spouse in an amount equitably computed at one half of the total obligation: Kershaw Estate, 352 Pa. 205; Wonders' Estate, 56 D. & C. 444; Kritz Estate, supra; Dowler Estate, 368 Pa. 519. In all of these cases, however, both the surviving spouse and decedent were obligors on the mortgage bond, the effect of which was to impose a personal liability, independent of the mortgage lien on both parties. In this important respect the instant case differs, and it follows that Mrs. Bossert, not being a joint obligor on the bond, cannot be required to contribute under any equitable doctrine part of a debt which she does not owe.

The basic proposition relied upon by the accountant in refusing to discharge the mortgage obligation is that when a conveyance of premises is made "under and subject" to an existing mortgage, there is an obligation on the grantee to indemnify the grantor for any payments which he is required to make on account of his personal obligation to the mortgagee: Britton v. Roth, 313 Pa. 352. The reason for this rule has been variously stated as being based on an implied contract to indemnify, or, alternately, on broader equitable considerations, but the effect is that the grantee bears the burden of reducing or liquidating the lien on his own property, which comports with common sense, as opposed to the opposite result, which

would cause the grantor to pay for the reduction or extinguishment of a lien on another's real estate.

Therefore, when decedent conveyed his real estate to himself and his wife as tenants by the entireties, an obligation on them to indemnify him arose. Enforcement against decedent is impossible, but as to the surviving tenant, Elizabeth B. Bossert, the said obligation exists and may be enforced. It is contended by counsel for Mrs. Bossert that such indemnification must be equitably limited to one half of whatever amount is charged to the estate. This court is of the opinion that in the circumstances of this estate, the equitable doctrine of contribution should not apply, for by the transfer of the real estate to a tenancy by the entireties, no part is includable in decedent's estate or available to decedent's creditors or his other heirs. In such circumstances, it would be inequitable to compel other creditors or heirs to contribute to an increase of the equity of Elizabeth Bossert, for unlike the usual situation in which contribution is decreed, such creditors and heirs have not profited from the fruits of the original obligation. Their position is analogous in this respect to that of an accommodation party to a promissory note, and, in that situation, contribution to the primary obligor has been denied: Hess v. Gower, 139 Pa. Superior Ct. 405. Accordingly, objection no. 1 is dismissed.

*Pearlstine, Salkin & Hardiman* and *Jules Pearlstine,* for exceptant.

*William P. Manning, Jr.* and *William F. Leopold,* contra.

### Opinion Sur Exceptions

TAXIS, P. J., November 21, 1960.—Five exceptions to the adjudication dated July 22, 1960, were filed by Elizabeth Bossert, all of which involve the question of the estate's liability in regard to the balance of $4,-

906.54 due on the mortgage held by First Federal Savings and Loan Association of Lansdale. As set forth in the adjudication, the mortgaged real estate was owned by decedent and exceptant at the time of decedent's death as tenants by the entireties, but the bond and mortgage was executed by decedent alone on January 23, 1957. On March 22, 1957, shortly after his marriage, decedent and his wife executed a deed of the said premises to Russell B. Bossert and Elizabeth Bossert, his wife, as tenants by the entireties. The deed recited that the premises were conveyed "under and subject" to the balance due on mortgage of $5,400 held by First Federal Savings and Loan Association of Lansdale.

The first exception alleges error in the "determination that the estate of the decedent was not liable to the First Federal Savings and Loan Association of Lansdale, as mortgagee for one-half of the mortgage debt as of the date of death." This exception is dismissed because the court specifically found that the estate is prima facie liable for the mortgage debt.

The second, third, fourth and fifth exceptions present the real issue involved. All of these exceptions object to the court's determination that Elizabeth Bossert is not entitled to contribution from the estate in regard to the obligation of the grantees to indemnify the estate in the amount of the balance of $4,-906.54 due on the mortgage. No additional reasons not already considered and disposed of by the trial judge in his adjudication have been set forth warranting a modification of the order previously entered.

At first sight the proposition that where husband and wife owned mortgaged entireties property conveyed to them "under and subject" to an existing mortgage by the husband, who, because he is also the mortgagor, is the primary obligor, the wife cannot secure contribution from deceased husband's estate for pay-

ments made to indemnify the grantor appears incongruous. Especially is this true when compared to another authoritative proposition that where a husband and wife own mortgaged entireties property, the bond and mortgage being executed by husband and wife jointly, the wife is entitled to contribution from the deceased husband's estate for one half of the mortgage debt. See Kritz Estate, 387 Pa. 223; Dowler Estate, 368 Pa. 519; Kershaw Estate, 352 Pa. 205; Mayer Estate, 81 D. & C. 273; Wonders' Estate, 56 D. & C. 444.

Upon closer analysis, however, this incongruity disappears. The estate, succeeding to the interests of decedent, the mortgagor, is prima facie liable for the entire mortgage debt. But, by conveyance "under and subject" to the mortgage the grantor-mortgagor put in effect a right to indemnification from the grantees. Now the grantees must indemnify the grantor in order to clear the title to the mortgaged property. There is presently only one grantee who stands to benefit by the indemnification. The payments to indemnify are solely for the benefit of Elizabeth Bossert. No benefit accrues to the estate and, hence, no enforceable obligation arises against it. In this respect, the present situation is similar to the fifth situation discussed in Dowler Estate, supra. It is very interesting to note that the Supreme Court reasoned:

"No benefit accrued to the estate and hence no enforceable obligation arose against it": 368 Pa. 525.

The second proposition set out above is logically distinguishable because there the husband's responsibility for one half the liability is based upon a personal obligation on the mortgage bond.

And now, November 21, 1960, the exceptions are dismissed and the adjudication is confirmed absolutely.