## Murray Estate

Stephen J. McEwen, Jr., for exceptant.

Arnold M. Snyder, for Commonwealth.

VAN RODEN, P. J., June 20, 1962.—The adjudication nisi sur the first and final account of the executrix of

the above estate has been confronted by exceptions filed on behalf of the accountant. The said exceptions relate to the action of the auditing judge in disallowing deductions in the computation of the net clear value of decedent's estate for inheritance tax purposes the full amount of the counsel fee of $1,048.88, and executrix' commissions in like amount, claimed in the account. The auditing judge allowed such items to the extent of $30.80 each, but disallowed same as to any remaining balance thereof.

The undisputed facts are that decedent's testamentary estate consisted of property owned individually by him having an appraised value of $616. In addition, there was jointly owned property valued at $40,344.53 (including jointly owned New Jersey real estate valued at $10,500). All of the jointly owned property was owned by decedent and his niece, Dorothy C. Martini, who was the sole beneficiary designated in his will. She is also the executrix and the present accountant.

The auditing judge held that counsel fees and commissions should be allowed as deductions for inheritance tax purposes only to the extent that same were based on the testamentary assets of the decedent and not on nontestamentary taxable assets.

It is the contention of counsel for the accountant that it is "basically inequitable for the Commonwealth to tax one-half of jointly held property which only becomes a matter of administration in an estate for purposes of tax, and then to deny a deduction for the charge for performing this very service." In other words, if the joint assets are to be considered assets of the estate for purposes of inheritance tax, then the expense of administering such assets should be considered as proper deductions in determining the net clear value of such assets for inheritance taxation.

The Commonwealth takes the position that, with respect to nontestamentary assets, the fees and commis-

sions should be charged to decedent's niece in her capacity as surviving joint tenant rather than in her capacity as executrix of decedent's estate and cannot be deemed expenses of administration for inheritance tax purposes.

Section 2 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2302, pertinently provides:

". . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates by the register of wills shall be the debts of the decedent, reasonable and customary funeral expenses, bequests, or devises in trust, in reasonable amounts, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon, reasonable expenses for the erection of monuments or grave stones, grave and lot markers and the expenses of the administration of such estates . . ."

Thus, the real question presently before this court is whether counsel fees and commissions allocable to jointly owned property are "expenses of the administration of such estates."

The phrase "such estates" in the above-quoted provision of the Transfer Inheritance Tax Act, defining deductions to be allowed in ascertaining "the clear value of such estates," has been judicially determined to refer to the words "property subject to the tax" in the provision imposing tax upon "the clear value of the property subject to the tax," and it has been further held that the latter provision does not refer to property which accrues to a person upon another's death so as to preclude allowance of deductions: Kritz Estate, 387 Pa. 223 (1956).

In that case, the Supreme Court held that where decedent, who owned, together with her sister, as joint tenants with right of survivorship, certain real estate

upon which there was an unpaid mortgage at the time of decedent's death, left no assets subject to administration, the sister could deduct from one-half of the gross value of the property taxed to her one-half of the principal and interest due on the mortgage, under the statutory provision allowing as deductions from the gross value of the estate all debts of decedent.

There appears to be no logical reason why the debts of decedent relating to nontestamentary property should be treated differently from expenses of administration relating to such nontestamentary property. The time, effort and responsibility in completing all of the necessary forms and performing all of the other duties required for the proper calculation and payment of inheritance tax are substantially similar in the case of nontestamentary property as in the case of assets owned individually by decedent at the time of his death.

From a standpoint of statutory construction, a careful reading of the above-quoted provision indicates that the legislature did not intend any distinction between "debts" and "expenses of the administration" when referring to "such estates."

The cases of Cochrane's Estate, 342 Pa. 108 (1941), and O'Donnell Estate, 85 D. & C. 573 (1953), cited by counsel for the Commonwealth, are not in conflict with the above statutory interpretation.

Accordingly, this court concludes that it is required to allow proper and reasonable legal fees and commissions pertaining to decedent's taxable nontestamentary assets, as well as the testamentary assets, as deductions in the computation of the net clear value of decedent's "estate" for inheritance tax purposes.

Accordingly, the action of the auditing judge in disallowing said items is hereby reversed and the Inheritance Tax Department of the Commonwealth of Pennsylvania is hereby directed to allow as deductions for inheritance tax purposes in this estate a counsel fee in

the amount of $1,048.88 and commissions in the amount of $1,048.88.

The court hereby enters the following

*Decree*

And now, to wit, June 20, 1962, exceptions to the adjudication nisi dated January 30, 1962, in the above estate having come on to be heard by the court en banc, upon written briefs and oral argument, and it appearing to the court that said exceptions are well-founded and should be sustained, it is, therefore, ordered, adjudged and decreed as follows:

1. The exceptions filed by Dorothy C. Martini to the adjudication nisi dated January 30, 1962, be and the same are hereby sustained.

2. The Inheritance Tax Department of the Commonwealth of Pennsylvania is hereby directed to allow as deductions for inheritance tax purposes counsel fee in the amount of $1,048.88 and accountant's commissions in the amount of $1,048.88.

3. As so amended, modified and corrected, the said adjudication dated January 30, 1962, is hereby ratified and confirmed absolutely.