## Van Eman Estate

*John P. Liekar, Sr.,* for appellant.
*David Abrams,* for Commonwealth.

TERPUTAC, *J.,* September 1, 1981—Margaret Van Eman died on October 29, 1968, and her husband, Samuel Van Eman, Sr., died on December 5, 1968. An inventory was filed for each estate on August 24, 1979, with appraisements filed in Margaret's estate on July 31, 1980, and in Samuel's on August 1, 1980. A statement of debts and deductions was filed in Samuel's estate on November 20, 1980, which listed $171,819.25 in debts. A statement of debts and deductions was filed in Margaret's estate on January 30, 1981, which listed $169,613.23 in debts. Both statements of debts and deductions listed $161,150.12, joint obligations of husband and wife in the nature of judgments. On February 3, 1981, the Register of Wills of Washington County disallowed the entire $161,150.12 as to Margaret's estate on the basis that the total amount had been allowed to Samuel's estate. This appeal, which contests the inheritance tax levied on Margaret Van Eman's estate due to the disallowed deductions, followed.

Appellant's brief* argued that in accordance with Kershaw Estate, 352 Pa. 205, 42 A. 2d 538 (1945), one half of the joint judgment debt ($80,575.06)

---

*We have not had the benefit of the Commonwealth's brief. The attorney for the Commonwealth was directed on July 7, 1981, to file a reply brief by July 27, 1981. On August 3, 1981, the attorney for the Commonwealth was again contacted and directed to file a brief. On August 12, 1981, a third message requesting a brief was conveyed to the office of the Commonwealth attorney.

should be considered a deduction from Margaret's estate. We agree. In Kershaw the issue was whether, for inheritance tax purposes, an estate can deduct one half of the amount of a mortgage on real estate held by a decedent and his wife as tenants by the entireties, and passed to the wife by survivorship. The court decided that it was permissible. "The controlling fact is that he, together with his wife, was personally liable on the bond; that liability continued after his death and therefore constituted a debt of his estate." Id., at 206, 42 A. 2d at 538. The court went on to state at 207, 42 A. 2d at 539:

"Hence, if collection on this bond were made from the estate, a right of contribution would automatically arise against the widow; if collection were made from the widow, she would have a similar right of contribution against the estate; therefore the ultimate liability of the estate is only for one half of the indebtedness. Or, viewing it from another angle, the right of the estate to enforce contribution may be regarded as a taxable asset which offsets, to the extent of one-half, the full deduction to which the estate would otherwise be entitled."

This principle was endorsed and extended in Dowler Estate, 368 Pa. 519, 84 A. 2d 209 (1951), which again dealt with a mortgage on entireties property. Relying on Kershaw, the same result, the surviving spouse being entitled to contribution, was reached. While Dowler did not deal with inheritance tax, the court specifically stated that the same principle applied and granted the surviving spouse one half the balance due on the mortgage as a debt of decedent's estate. Dowler went on to extend this principle to a judgment note signed by both spouses, holding "this claim falls in the same

category as the bond and mortgage and must be allowed." Id., at 523, 84 A. 2d at 210. Therefore, in the instant case, it is of no moment that we are dealing with a judgment debt and not a real estate mortgage.

In Kritz Estate, 387 Pa. 223, 127 A. 2d 720 (1956), another inheritance tax case, the estate left no assets subject to administration but separate parcels of real estate passed to the decedent's husband and sister by the entireties and by joint tenants with right of survivorship, respectively. The one-half of the joint tenacy subject to Inheritance Tax was allowed a deduction of one half of the mortgage of the entireties property which was not subject to the tax as stated at 226, 127 A. 2d at 722.

"Decedent's liability on the bond accompanying the mortgage on the Tyson Street [entireties] property was clearly a 'debt of the decedent'; had there been assets in the testamentary estate it would have been payable therefrom and clearly deductible; the fact that there were no assets there to meet it does not make it any the less a debt of the decedent."

It is therefore clear that one half of the joint judgment debts of Margaret Van Eman and Samuel Van Eman, Sr., should be allowed as a debt and deduction against Margaret Van Eman's estate and should be utilized in the calculations of inheritance tax.

## DECREE NISI

And now, September 1, 1981, one half of the joint judgment debts of Margaret Van Eman and Samuel Van Eman, Sr., in the amount of $80,575.06, is hereby allowed as a debt and deduction in the Estate of Margaret Van Eman. Unless exceptions are filed within ten days of this decree, it shall become final.