WALTER, P.J.,
On July 10, 1990, the Pennsylvania Department of Revenue, Board of Appeals entered a decision and order denying the protest of the estate of Lloyd F. Gingrich to the department’s appraisement and assessment. Before the court is the estate’s appeal of the board’s decision.
Lloyd F. Gingrich died on May 4, 1988. The estate filed an inheritance tax return with the Department of Revenue. In its notice dated December 11, 1989, the department disallowed one-half of the debt de *633 duction claimed by the estate on the tax return. The estate filed a protest of the disallowance, dated February 9, 1990, with the board, which upheld the Department of Revenue’s action. A hearing before the court on the estate’s appeal was held on October 3, 1990 and the matter is now ripe for disposition.
The events of October 14, 1986 are relevant to this action: On that day, the decedent acquired 2.46 acres of real property located in South Londonderry Township, Lebanon County. The deed conveyed to decedent shows he paid $41,000 to Jacob and Dorothy Brandt for the property.
To make this purchase possible, the decedent and his wife, Linda D. Gingrich (now Binkley), signed a construction loan agreement, a mortgage and a bond and warrant in the amount of $340,000. Each of these contracts, also executed on October 14, 1986, expressly provided for the joint and several benefit and liability of Mr. and Mrs. Gingrich and their successors.
The funds resulting from these agreements were used by the decedent to develop a storage business and the proceeds were placed in his own account. The mortgage, however, was on the property acquired by decedent in his name only as well as other properties in the name of both husband and wife. Upon decedent’s death, his widow inherited all the real estate under the mortgage.
The sole issue here is whether the estate is entitled to deduct the total balance owed on the mortgage at the time of death ($167,971.48) or only one-half of this amount as the Department of Revenue asserts.
We turn first to the Inheritance and Estate Tax Act,* section 1729(d), which provides in pertinent part:
*634 “[T]he decedent’s liability (net of all collectible contribution) on a joint obligation is deductible whether or not payment of the obligation is secured by entireties property or property which passes to another under the right of survivorship.”
The crux of the estate’s argument is that the wife received no benefit from the loan proceeds and therefore no right of contribution against her existed and the entire debt remaining should be deductible. The estate cites no case law to support its position.
Unfortunately for appellant estate we find our Supreme Court’s ruling in In re Kershaw’s Estate, 352 Pa. 205, 42 A.2d 538 (1945), to be controlling here. The Kershaw decision held that where a husband and wife are jointly and severally liable for a debt, “no matter how secured,” the estate may deduct one-half of the debt. Kershaw, supra.
The rationale of Kershaw is relevant for the determination of the instant question:
“Prima facie the payment of an indebtedness by one of two or more joint obligors is for the benefit of all, and the one making the payment is therefore entitled to contribution from the others. Hence, if collection on this bond were made from the estate, a right or contribution would automatically arise against the widow; if collection were made from the widow, she would have a similar right of contribution against the estate; therefore the ultimate liability of the estate is only for one-half of the indebtedness. Or, viewing it from another angle, the right of the estate to enforce contribution may be regarded as a taxable asset which offsets, to the extent of one-half, the full deduction to which the estate would otherwise be entitled.”
The Kershaw rules have been extended to other joint debts. In re Kritz Estate, 387 Pa. 223, 127 A.2d 720 (1956); In re Dowler Estate, 368 Pa. 519, 84 A.2d *635 209 (1951); In re Van Eman Estate, 21 D.&C. 3d 81 (1981). Despite the estate’s attempts to paint Mrs. Gingrich as a mere accommodation party, we must reject the claim for full deduction. The mortgage, bond and warrant signed by her clearly, expressly and without qualification make her jointly liable for the debt. 13 Pa.C.S. §3118(5). We must deny the appeal.
ORDER OF COURT
And now, December 6, 1990, for the reasons set forth in the accompanying opinion, the appeal from the Pennsylvania Department of Revenue, Board of Appeals decision of July 10, 1990, by the estate of Lloyd F. Gingrich, is respectfully denied.

 72 Pa.C.S. §1701 et. seq.